## DUBOSE v. YOUNG and McDOWELL.

1. Admissions of indebtedness, made by a debtor in a deed of trust, to secure the creditor, are evidence of the fact of indebtedness, against one, who was not at that time a creditor of the grantor.

2. The fact, that a creditor obtained a judgment against his debtor, on the second Monday of November, 1838, is not proof that the debt on which the judgment was founded, existed on the 3d October, 1838.

3. The fact that one in failing circumstances, engages with others in a business requiring money and credit, and executes a deed of trust for the performance of his engagements, does not indicate *mala fides*, on the part of those he thus engages with, though they are aware of his embarrassed condition.

Error to the Circuit Court of Marengo.

Detinue by the defendants in error for a slave, before the Hon. Geo. Goldthwaite.

The questions of law arise out of a bill of exceptions, from which it appears that the plaintiffs claimed title to the slave sued for, as trustees in a deed executed by Samuel D. Carter of the first part, the plaintiffs as trustees of the second part, and John B. Cook, creditor, of the third part, and is dated the 3d October, 1838.  The deed recites that sundry individuals of South Alabama have recently associated themselves together under the name and style of the Farmers' Banking Association, with a capital not to exceed $1,000,000, divided into ten thousand shares of $100 each, for the purpose of establishing a private joint stock bank, to be located in Demopolis, in the county of Marengo, with the usual and customary powers incident to such associations, and have elected a board, &c. and elected John B. Cook, Esq., the party of the third part, cashier of said bank, in accordance with the articles of association.

The deed then proceeds to recite, that by the terms of the articles of agreement of the association, the several subscribers thereto are required respectively to pay in the amount of

their subscriptions to the capital stock in three equal annual instalments—on the 1st March, 1839, 1840, 1841, in gold and silver, or their equivalent in cotton, to be delivered to the agent of the association in Mobile. That Carter had subscribed the articles of agreement, and taken forty shares of the capital stock, and had executed to Cook his three several promissory notes for $1,333 33 each, for the payment of said shares, falling due as above stated, payable in gold and silver, or cotton.

The deed further recites, that the articles required the subscribers to secure the payment of their stock by a conveyance of real or personal property in trust. Then follows a conveyance of real estate and slaves, including the slave in controversy, upon trust that the party of the second part would permit the grantor to retain the possession of the property until default in the payment of the promissory notes above recited, with power in case of a default, to sell, &c. The deed was proved and recorded.

The plaintiffs also introduced and proved in evidence two of the notes described in the deed, but offered no other evidence of the consideration of the deed and notes than the recitals therein. It also appeared in evidence that the Farmers' Banking Association was an unchartered company, established for the purpose of banking.

The defendants proved that on the —— day of January, 1839, an original execution issued upon a judgment theretofore recovered in the county court of said county, by one Christopher Taylor, against the grantor in the deed, and came to the sheriff's hands. That in June, 1839, an *alias* issued on the same. Judgment was levied on the slave in question, and on the —— day of September, duly sold to the defendant. He further proved that said deed included all the property of the grantor, and at the time of the making thereof, he was deeply embarrassed and in failing circumstances, and that sundry judgments were on the eve of being recovered against him, but there was no evidence that the grantees or beneficiaries knew these facts, unless charged with notice by the pendency of these suits.

Upon this state of facts, the court charged that said notes imported a consideration, and were evidence of such consid-

eration, unless the transaction was impeached by evidence of fraud or unfairness.

The defendant's counsel asked the court to charge, that it was necessary in order to establish the deed, to prove that the grantor was a member and stockholder of said company, and that the recitals of the deed did not prove that fact.

That if the grantor was in failing circumstances at the time of the execution of the deed, that neither the notes or the recitals in the deed were sufficient evidence of themselves to sustain the deed under the facts of the case. These charges were refused, and the defendant excepted.

That the plaintiff was not entitled to recover without proof of the assent of the beneficiaries to said deed before the *lien* of the execution attached, which was also refused, and the court charged, that the assent of the beneficiaries might be inferred from the notes, the deed, and the claim under the deed, if they were without fraud.

That if the grantor was in failing circumstances at the time of the making of the deed, the same was void as to the purchaser under the execution.

Lastly, that if the grantor made the deed whilst in failing circumstances, and his condition was then known to the beneficiaries, that the plaintiffs were not entitled to recover.

These several charges were refused, and the defendants excepted. The several matters arising out of the bill of exceptions are assigned as error.

J. W. HENLEY and W. M. BROOKS, for the plaintiff in error.

It appears by the record that this is a contest between a purchaser at sheriff's sale, under executions against the grantor in the deed of trust, and the trustee under that deed, and that under such circumstances, it was necessary to prove the consideration of the deed.

A mortgagee claiming title against a purchaser under a judgment creditor of the mortgagor, must prove the consideration of the mortgage. Doe ex dem. McGintry and McCarty v. Reeves, 10 Ala. 137.

So when the contest is between a creditor and a grantee under the deed of trust to secure another creditor, the consideration of the deed must be shown, and it is not proved

by the recitals in the deed, or the admissions of the grantor. McCain v. Wood, 4 Ala. 258.

So also, in a contest between a creditor and one claiming by deed from the debtor, the consideration is not proved by the recital in the deed, but must be shown by extrinsic evidence. Br. Bank at Decatur v. Kinsey, 5 Ala. 9.

From these authorities it is clear, that in this case it was a necessary part of the proof to show the consideration of the deed of trust, and that the same was not proved by the recitals in the deed itself.

The case of Griffin v. Doe ex dem. Stoddard and Murphy, relied on by the opposing counsel, is clearly not in point. In that case, it was in proof that the company had gone into operation, had contracted debts, which had been reduced to judgment, and that the property sought to be recovered was the only fund for the payment of those debts. The land in that case was specifically pledged for the debts of the company, and there were debts in judgment unsatisfied. The court say, " that it might well be questioned whether the trustee could have maintained the action without proof of unsatisfied judgments, in a case where the defendant was a purchaser at sheriff's sale, under a judgment against the grantor individually.

Such is our position here. The plaintiff in error was a purchaser at sheriff's sale, under executions against the grantor individually—and here there is no proof whatever of any unsatisfied judgments against the company.


Hopkins, contra.

There was no question raised in the circuit court, as to the time when the deed of trust was made, or when it was recorded. No such question therefore can be raised in this court. Griffin v. Doe ex dem. Stoddard and Murphy, 12 Ala. 783.

The effect of the evidence is, that the banking company went into operation. The proof is, that the company was established. But it was not questioned in the circuit court, that the company did do business, and cannot therefore be made a question of here. Griffin v. Doe ex. dem. Stoddard and Murphy, *supra.*

As charges were asked by the defendant in the circuit court, which disputed the validity of the deed upon other grounds, the questions raised upon such grounds impliedly admitted that the company did business.    Gresley's Eq. Ev. 356.

As the instructions asked for impliedly admitted that the banking company did business of the kind, for which it was formed, the plaintiffs in the action of detinue were entitled to maintain it, to secure the payment of the part of the capital stock of the company which the grantor of the deed had subscribed for, and to which the company was entitled, to meet such liabilities as the business they did had created against it. As the grantor in the deed of trust subscribed the articles of association, which are recited in the deed, and the articles could not be presumed to be in the possession, or under the control of the trustees in the deed, the recitals were competent evidence that the grantor was a member of the association.    The first instruction therefore for which the plaintiff in error asked, was properly refused by the court.    Griffin v. Doe ex dem. Stoddard and Murphy, *supra.*

The third instruction asked for by the defendant, assumes that the members of the association, and not Cook, to whom the notes were payable, and who is the third party to the deed, are the beneficiaries.    If they were the beneficiaries, their assent to the deed would be presumed, and the refusal of the charge by the court was correct, as well as the substitute the court gave for the one refused.    4 Porter's Rep. 321 ; Wiswall v. Ross, 11 Wheat. 78, 97 ; 2 Stewart's Rep. 98, 103.

But if this refusal were wrong, the question raised by the charge asked for, was an abstract one.    The members of the association were not the beneficiaries whose assent was needed, but Cook, the cashier, who gave his assent by executing the deed, as the third party to it, was the beneficiary.

The fourth charge asked for was properly refused, it assumed that the deed was void as to the defendant, if the grantor were in failing circumstances when he made it.

COLLIER, C. J.—The first question to which our attention is invited, is, whether the deed of trust under which the

plaintiffs claim, was shown to be supported by a sufficient consideration to entitle them to recover of the defendant, who was a purchaser at a sheriff's sale, in virtue of an execution against the estate of the grantor? As between the parties to the deed, or the notes it professes to secure, it is admitted that they import a consideration, but as it respects the defendant, it is insisted that they are *res inter alios*, and consequently inoperative without the aid of extrinsic proof. Let us examine this argument in reference to our own decisions. In McCain v. Wood, 4 Ala. Rep. 258, which was a controversy between a pre-existing creditor of the grantor, and the trustee in a deed to secure another creditor, it was held, that the consideration for the deed must be shown, and is not proved by the recitals in it, or by the admissions of the grantor at the time of its execution. So in the Branch Bank at Decatur v. Kinsey, 5 Ala. Rep. 9, we said, " a voluntary conveyance of property is void as against creditors ; in a contest therefore, between a creditor and one claiming through the debtor, it is necessary for the latter to prove that the conveyance was not voluntary, by showing that a valuable consideration was given for the property. 'This is not shown by the recital of that fact in the conveyance, as that is a mere declaration or admission of the grantor, but must be proved by extrinsic evidence." See also Doe ex dem. McGintry & McCarty v. Reeves, 10 Ala. Rep. 137, In these cases the creditors were such when the deeds were executed, or were in a position to claim all the advantages which such a situation could give.

In Griffin v. Doe ex dem. Stoddard and Murphy, 12 Ala. R. 783, a deed was executed by a member of a mercantile firm, conveying lands in trust for the payment of such debts as the partnership might afterwards contract, and requiring the trustee to sell at the instance of any one of such creditors. *Held*, that the trustee could recover in ejectment against a purchaser at a sale under execution, for debts of the grantor contracted previous to the execution of the deed, upon proof that the partnership commenced business, contracted debts, and that there were unsatisfied judgments against the firm. The court remarked, that without the proof of unsatisfied partnership debts, "it might well be doubted

whether the trustees could have maintained this action—it being shown that the defendant was a purchaser at sheriff's sale, under a judgment against the grantor individually."

These citations are perhaps decisive to show, that the proof in the case at bar would be defective, if it appeared that the debt upon which Taylor's judgment was recovered, was existing at the time the deed was executed by Carter to the plaintiff. But it does not appear when the liability accrued. The county court of Marengo commenced its fall term in 1838, on the second Monday of November, and the judgment may have been then rendered by default, or confession upon a cause of action which matured just about the same time. A bill of exceptions which is so inexplicit in its statements as to require interpretation, must be taken most strongly against the party excepting, and as it does not appear that the judgment was not rendered at the appearance term, or when the liability accrued, it cannot be intended that it existed on the third of October, 1838, the day on which the deed of the plaintiffs bears date. In this posture of the case, the rule of law which excludes the verbal or written admissions of a party to a transaction, as evidence against a stranger does not apply.

In Goodgame v. Cole & Co. 12 Ala. Rep. 77, it was held that the general rule, that the recitals in a deed made by a debtor, or admissions by him at the time of its execution were not evidence, must be confined to declarations and admissions *made after* the creation of the contesting creditors debt, as until then there is no reason why even a voluntary conveyance may not be good. "What weight," say the court, "such admissions would be entitled to in the minds of the jury, it is evident would depend on the circumstances of the case, but in principle they seem to be admissible, if made by the debtor at a period of time when it is not his interest to make them, and when they cannot affect the creditor against whom they are afterwards used. It will thus be seen that the test of the admissibility of such admissions, is not the length of time previous to the trial; that it is the fact whether the debtor at the time had an interest in creating a title in another to defeat the particular creditor. See also,

19

Simerson v. The Branch Bank at Decatur, 12 Ala. R. 205. It is needless to add to these citations, for they very clearly establish, that the recitals in the deed, and the notes which it purports to secure were admissible evidence.

The case of Griffin v. Doe ex dem. Stoddard and Murphy, *ut supra*, is perhaps distinguishable from the present, as to the effect of the evidence. There the deed was professedly for the benefit of creditors, and in a controversy between the trustee and one claiming under a *pre-existing creditor of the grantor*, it was necessary to show that there were debts of the partnership still unpaid. In the case at bar, the deed conveys the lands and slaves to the trustee—thus investing him with the legal estate, and if default should be made in the payment of the notes intended to be provided for, he was required to sell so much of the property conveyed as was necessary to pay the sum due and unpaid, upon the written request of the cashier. The purpose of the parties was, to secure a capital in money, or its equivalent, to enable the association to prosecute the ordinary business of banking ; and at the time the deed was executed, the object contemplated was not prohibited by law. In the absence of countervailing evidence, the notes and deed are *prima facie* evidence of the facts they import, against a *subsequent creditor of the grantor*, (as we must intend Taylor to have been,) and without further proof, entitled the plaintiffs to recover. This conclusion is an obvious sequence from what is said in the cases cited from 12 Ala., and we will not attempt further illustration.

The assent of a party to a security which does not postpone the day of payment of his demand, or cannot otherwise prejudice his rights, but is *altogether beneficial*, will, in the absence of express proof be presumed ; and *if* there is no time prescribed within which the beneficiary must make known his assent, it is difficult to fix a limitation of general application. Such cases must depend upon circumstances peculiar to themselves. If Mr. Cooke was the agent of the company, invested with authority to receive notes and securities from its members, then his assent to the deed, as indicated by the subscription of his name, if placed there by him-

self or his authority, would be inferred, and be regarded as the act of his principals. But without reference to Cooke's authority, the assent of the members of the association may be intended upon the principle we have stated.

Conceding that the defendant was in failing circumstances, and this was known to the other members of the company, when the notes and deed were executed, and it does not indicate *mala fides* on the part of the latter. It was clearly competent for the grantor to enter into such contracts as are legal. He might stipulate with others to engage in business which required money and credit, and if there were no liens upon his property, we can conceive of no objection to his selling or conveying it as a security for the payment of his debts, or the performance of other engagements. These we regard as mere legal truisms which require neither argument or authority to sustain them. The record discovers no available error, and the judgment of the circuit court is consequently affirmed.