# Mountain *et al.* v. Whitman.

*Bill in Equity to set aside a Conveyance as fraudulent and void.*

1. *Bill to set aside fraudulent conveyance; alternative averments.*— Where a bill filed to set aside a conveyance as fraudulent and void alleges the fraud in the alternative, if either of the alternative averments is insufficient, in failing to set forth the facts constituting the fraud complained of definitely and with precision, the bill is demurrable; since, if either of the alternatives contained in a bill is bad, the whole pleading is bad.

2. *Same; same; insufficiency waived if not demurred to.*—Where a bill filed to set aside a conveyance as fraudulent avers the facts constituting the alleged fraud with sufficient particularity, and then alleges in the alternative that, if the foregoing facts are not true complainant "charges that the said conveyance was made and delivered under some other collusive agreement," between the grantor and grantee, whereby the grantor "reserved a substantial benefit in said property, which could not be subjected to the payment of his debts," such bill is bad, since the latter alternative is insufficient in failing to state what the alleged collusive agreement was, and to definitely describe the benefit alleged to have been reserved; but, if the demurrers interposed to such bill did not raise this question, it will be presumed to have been waived, and the bill will be entertained.

3. *Same; insufficient demurrer.*—A demurrer to a bill filed to set aside a conveyance as fraudulent and void, on the ground that the bill does not show how or in what manner the conveyance tended to hin-

[Mountain *et al.* v. Whitman.]

der or delay the existing or subsequent creditors of the grantor, does not raise the objection that the bill fails to set forth facts constituting the alleged fraud with sufficient precision and definiteness.

4.   *General demurrer.*—A demurrer, to be entertained by a court in this State, must specify the supposed defect or insufficiency of the pleading to which it is directed; since general demurrers are not allowed and will not be considered.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed on November 2, 1892, by Barbara Whitman, as a creditor of the firm of Mountain & Sons, composed of Samuel A Mountain, senior, Samuel A. Mountain, junior, and John Mountain; and sought to have a deed of conveyance, executed by the said Samuel A. Mountain, Sr., to Everline Mountain set aside as fraudulent and void, as to the creditors of the firm of Mountain & Sons. The individual members of the firm and the said Everline Mountain are made parties defendant. The allegations of the bill are sufficiently stated in the opinion. The defendant, Everline Mountain, demurred to the bill, and assigned the following grounds: "1.   Because said bill does not show that Samuel A. Mountain, Sr., was indebted to any person or persons at the time he conveyed to this defendant the property described in the bill.   2.   Because said bill does not show to whom Samuel A. Mountain, Sr., was indebted at the time he conveyed to this defendant the property described in the bill.   3.   Because said bill does not show that the firm of Mountain & Sons was indebted to any person or persons at the time Samuel A. Mountain, Sr., conveyed to this defendant the property described in the bill.   4.   Because said bill does not show to whom the firm of Mountain & Sons were indebted at the time Samuel A. Mountain, Sr., conveyed to this defendant the property described in the bill.   5.   Because said bill shows that the complainant became a creditor of the firm of Mountain & Sons subsequent to the time Samuel A. Mountain, Sr., conveyed to this defendant the property described in the bill; and said bill does not charge that said conveyance was made to this defendant by said Samuel A. Mountain, Sr., without a good and valuable consideration being paid to him by this defendant for such conveyance.   6.   Because said bill shows that the conveyance made to this defendant by Samuel A. Mountain,

[Mountain *et al.* v. Whitman.]

Sr., of the property described in the bill, was made on the 22d day of December, 1891, for and in consideration of the sum of six hundred dollars paid to said Mountain by this defendant, and said bill further shows that at that time neither said Mountain nor the firm of Mountain & Sons were indebted to complainant, but shows that the firm of Mountain & Sons only became indebted to complainant on April 14th, 1892.  7.  Because said bill does not show that complainant is a creditor of Samuel A. Mountain, Sr., but shows that complainant is a creditor of the firm of Mountain & Sons, and the bill does not show that said firm has not partnership assets to pay its said firm debts, or that complainant has exhausted her remedy against said firm.  8.  Because said bill shows that complainant is a partnership creditor of the firm of Mountain & Sons, and that the indebtedness of said firm to her was created long after Samuel A. Mountain, Sr., had conveyed his individual property described in the bill to this defendant for a valuable consideration.  9.  Because said bill shows that the conveyance by Samuel A. Mountain, Sr., to this defendant was made on December 22d, 1891, for the consideration of six hundred dollars paid to him by this defendant, and yet said bill shows that complainant did not become a partnership creditor of the firm of Mountain & Sons until April 14th, 1892.  10.  Because said bill does not show how or in what manner said conveyance of said property by Samuel A. Mountain, Sr., to this defendant has tended to hinder, delay or defraud any of the creditors of said Samuel A. Mountain, Sr., or of the firm of Mountain & Sons, whether existing creditors at the time of said conveyance, or those subsequently becoming such creditors.  11.  Because said bill alleges no fraud of any kind against this defendant, but only that she bought said property from Samuel A. Mountain, Sr., for a valuable consideration before the indebtedness of the firm of Mountain & Sons to complainant was created."

The chancellor, upon the submission of the cause upon these demurrers, overruled them, and on this appeal by the respondents this decree of the chancellor is assigned as error.

RICHARD P. DESHON and F. VAUGHAN, for appellant,

[Mountain *et al.* v. Whitman.]

cited, *Flewellen v. Crane*, 58 Ala. 627 ; *Lipscomb v. McClellan*, 72 Ala. 158 : *Loucheim v. First Nat. Bank*, 98 Ala. 521.

GREGORY L. & H. T. SMITH, *contra.*—If the theory of the bill is correct, and if the conveyance was made for the express purpose of enabling the firm of Mountain & Sons to continue in business and to obtain credit upon the apparent ownership, by Samuel Mountain, Sr., of the property conveyed, and yet have the title to that property in such a condition that, when an anticipated failure of the firm should occur, it could be protected from liability to the payment of the partnership indebtedness, there is no question but that the conveyance is fraudulent and void as to subsequent, as well as existing creditors.—*Blennerhassett v. Sherman*, 105 U. S. 100 ; *Mobile Sav. Bank v. McDonnell*, 87 Ala. 742 ; *McGhee v. I. & T. Nat. Bank*, 93 Ala. 195.

HEAD, J.—Bill to set aside conveyance of land as a fraud upon subsequent, as well as existing, creditors of the grantor, and to condemn the land to the payment of the demand of complainant, a subsequent creditor. The appeal is by the defendants, Mountain and others, from a decretal order of the chancellor overruling demurrers to the bill. The objection pressed upon us is, that the bill does not set forth the facts constituting the alleged fraud with sufficient precision. The allegations are, substantially, as follows : That the conveyance was made by the debtor, when he was financially embarrassed, for the purpose of hindering, delaying or defrauding his creditors, and in order to place the land beyond the reach of his then creditors, and also beyond the reach of those to whom he might subsequently become indebted, and it was accepted by the grantee with full knowledge or notice of that intention ; that it was executed and delivered under a collusive agreement or understanding between the grantor and grantee, that it should be kept secret from the world until the grantor, or his firm, Mountain & Sons, of which he was a member, should become unable to further carry on their business, in which they were then engaged, and that it should be recorded in time to prevent the property conveyed from being subjected to the honest debts of the grantor, or of his said firm.

That the grantee, pursuant to some other fraudulent arrangement, withheld the conveyance from record from the time of its execution, December 22, 1891, until June 27, 1892, when the same was recorded. The grantor retained the possession and apparent ownership of the property until after the complainant's debt accrued. We have omitted, in this statement, the averment that the deed was withheld from record pursuant to the said collusive agreement above stated, for the reason, that it is alleged in the alternative with, and overcome by, the averment, less favorable to the complainant, that it was withheld pursuant to some other fraudulent arrangement. If the bill had stopped here, we think it would have been sufficient. The statute is, that all conveyances &c. made with intent to hinder, delay or defraud creditors &c. are void. It is the fraudulent intent, inducing the execution of the conveyance, which avoids it, without regard to whether or not the act and intent are followed up by acts fraudulently agreed to be thereafter done, for the purpose of actually producing hindrance or delay to the creditor. Thus, if the conveyance was executed with the fraudulent agreement as alleged, the vitiating influence of the agreement would not be obviated by the fact that the instrument was thereafter withheld from the record pursuant to some other fraudulent agreement not specified. But the bill does not stop with this. It proceeds to allege, in the alternative, to the effect, that if the foregoing facts are not true, the complainant "charges that said conveyance was made and delivered under some other collusive agreement" between the grantor and grantee, whereby the grantor "reserved a substantial benefit in said property which could not be subjected to the payment of his debts." The sufficiency of the bill then, if considered, should be tested by the last alternative ; the well known rule in pleading of this kind, being, that if either alternative is bad the whole pleading is bad. The insufficiency of the last alternative is obvious. It should have been stated what the collusive agreement was, and described definitely the benefit reserved. But, as the complainant's pleading is bad, so, also, do we find the respondent's. The demurrers do not raise the objection now insisted upon. It can not be seriously insisted that the first nine grounds of demurrer raise the objection, or, indeed, that they raise any objection of merit to

the bill, in any particular. Do the 10th and 11th grounds, or either, raise it? Clearly not. The 10th simply demurs that the bill does not show how or in what manner the conveyance tended to hinder or delay the creditors existing or subsequent of the grantor. This is a mistake. The execution of the deed itself is the act which tends to hinder or delay the creditor. As to existing creditors every conveyance of his property by one not having sufficient property or means to pay his debts, has that tendency. It is void, however, only when voluntary, or the fact of execution has imparted to it the corrupt intent that it shall produce that effect, or some benefit is reserved. If infected with actually fraudulent intent, it is void also as to subsequent creditors, and the law imputes it to the effect of hindering or delaying them. The bill does, after a manner, allege actual fraud. The allegations, it is true, are defective on a good demurrer. They will support relief, however, in the absence of demurrer. The present demurrer does not touch the allegations of fraud. The 11th ground is simply a general objection that no fraud is shown. General demurrers are not allowed in our system of pleading.

　　Affirmed.