# Henry, *et al. v.* Tennessee Live Stock Co.

*Bill to Annul Certain Contracts and Mortgages.*

(Decided Nov. 18, 1909.— South. 1029.)

1. *Equity; Pleading; Multifariousness.*—A bill by a corporation which in one aspect alleges that mortgages, executed in its name by a third person, are void because executed without authority and without consideration, and which in another aspect alleges that the mortgagees are creditors of the corporation, and prays that their mortgages be declared a general assignment for the benefit of all creditors of a corporation, and to have the corporation declared insolvent, is multifarious, even under section 3095, Code 1907, as amended, since parties which are necessary parties to the bill in one aspect are unnecessary parties in another aspect

2. *Same.*—While a bill in equity may be filed in different aspects. each aspect must make a good bill; where either is bad. the whole is bad. Each alternative of a bill should entitle complainant to the same relief in kind but not in degree. so that the court, the bill being confessed, in decreeing relief on one state of fact can also respond and grant relief appropriate to the alternative state of facts.

3. *Same.*—An amendment to a bill in equity must not present a new cause from that originally presented; and hence, where the original bill alleged that certain mortgages executed in the corpo-

rate name by a third person, were void because executed without authority · and without consideration, an amendment thereto alleging that the mortgagees were creditors of the corporation and seeking to declare the corporation insolvent, and the mortgage a general assignment for the benefit of the creditors, made a new cause of action, and changed the rights and character of the demand, thus created a repugnancy and rendering the bill bad on demurrer.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. H. SIMPSON·

Bill by the Tennessee Live Stock Company against Joe L. Henry and others, for the purposes mentioned in the opinion. Decree for complainant and defendants appeal. Reversed and remanded.

STREET & ISBELL, for appellant.—When a bill in equity is brought in several aspects, each aspect must state a good ·cause of action, and if either aspect is demurable, the whole bill is defective.—*Curran v. Armstead,* 101 Ala. 692; *Mountain v. Whitman,* 103 Ala. 630; *Taylor v. Dwyer,* 131 Ala. 91. The bill in this case clearly breached the rule.—*Pollack v. Muscogee Co.,* 108 Ala. 467; *Williams v. Hooper,* 107 Ala. 246; *Mortgage Co. v. Powell,* 97 Ala. 483; *Toturn v. Walker,* 77 Ala. 563; *Caldwell v. King,* 76 Ala. 149. The amendment to the bill rendered it repugnant.—*Obear v. Valfour,* 106 Ala. 205.

JOHN A. LUSK, for appellee.—The corporation was the proper party to sue.—3 Pom. pp. 2115-2128. Attemps to prefer creditors by an insolvent corporation will not be permitted by equity.—10 Cyc. 1246; 2 Cook. 1646; Sec. 3509, Code 1907. Equity will compel a trustee in ivitum to account for trust property.—*Chambers v. Chambers,* 98 Ala. 454; *Thompson v. Thompson,* 107 Ala. 169. The bill was not multifarious.—Sec. 3095. Code 1907; Storey's Eq. Pl. secs. 530-540.

MAYFIELD, J.—The bill as originally filed was to declare void and annul certain mortgages, contracts, or conveyances purporting to be executed in the name of the complainant corporation, by one Grizzell, to the defendants, Sam Henry & Son, and to Joe L. Henry, because said Grizzell had no authority to execute such documents for the corporation, and because there was no consideration to support them, and that they were obtained by undue influence, etc., and to have the said grantees, mortgagees, etc., account to the corporation for the property thereby acquired and that they be declared held as trustees ex malificio of such property, and required to account for the value of that part disposed of by them. A demurrer was sustained to the bill, because it did not offer to do equity by paying the debts intended to be secured by the mortgages. The bill was then amended by adding four paragraphs thereto, from 21 to 24, inclusive, which sought to have these mortgages, contracts, conveyances, etc., declared a general assignment for the benefit of all the creditors of the corporation, and to have the corporation declared insolvent, and all its assets declared a trust fund, to be marshaled and administered by the court in payment of the debts due from the corporation.

The bill as amended is clearly and certainly multifarious. In one aspect it alleges that the respondents are creditors of the corporation and in another that they are not. In one aspect it alleges that the mortgages, contracts, and conveyances are valid, and in another that they are void. The bill as amended shows neither the right nor necessity of the corporation to maintain a bill to declare itself to be insolvent and to ask the court to administer its assets. The bill is therefore clearly multifarious, even under section 3095 of the Code as amended. While inconsistent, the reliefs grow partly

out of the same contract or transaction and relate partly to the same property, it is not between the same parties; but the necessary parties are different in the two cases. The creditors of the corporation are necessary parties to the bill in one aspect, and unnecessary parties to it in the other.

A bill in equity may be filed in different aspects, but each aspect must make a good bill, and if either aspect is bad then the whole is bad, and subject to demurrer upon that ground.—3 Mayfield's Digest, p. 286; *Curran v. Olmstead*, 101 Ala. 692, 14 South. 398; *Mountain v. Whitman*, 103 Ala. 630, 16 South. 15; *Beddow v. Sheppard*, 118 Ala. 474, 23 South. 662; *Taylor v. Dwyer*, 131 Ala. 91, 32 South. 509. Each alternative of a bill should entitle the complainant to the same relief, in kind, if not in degree, so that, if the bill be confessed the court, in decreeing the relief on one state of facts, should also respond and grant the relief appropriate to the other alternative state of facts.—3 Mayfield's Digest, p. 285. The amendment made a new cause of action. It changed the rights and the character of the demands sought to be enforced, and varied materially the relief sought.—*Glass v. Glass*, 76 Ala. 368; *Ward v. Patton*, 75 Ala. 207; *Scott v. Ware*, 64 Ala. 174.

Repugnancy and inconsistency between the original bill and the amendment render the amended bill bad. The amendment must not present a new case from that originally presented.—3 Mayfield's Digest, p. 297, §§ 2265, 2266.

It follows that the demurrers should have been sustained to the amended bill. The decree of the chancellor is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, and McCLELLAN, JJ., concur.