# Fidelity Mortgage Bond Co. *v.* Morris, *et al.*

## *Bill for an Accounting, and to Declare Deed a General Assignment.*

(Decided February 11, 1915.  68 South. 153.)

1. *Fraudulent Conveyances; Setting Aside; Party Entitled.*—A mortgagee may maintain a bill to set aside a fraudulent conveyance of property other than that covered by the mortgage by a purchaser assuming payment of the mortgage debt, where such purchaser is insolvent.

2. *Creditors Bill; Remedy at Law.*—A creditor may resort to a bill in equity without exhausting his ordinary remedies at law.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Fidelity Mortgage Bond Company against W. M. Morris and others for an accounting, cancellation of a deed, and sale of property to pay debts and to declare a deed a general assignment. From a decree sustaining demurrers to the amended bill, complainant appeals. Reversed and remanded.

For the case as made by the original bill see *Morris et al. v. Fidelity Mortgage Bond Co.,* 187 Ala. 262, 65 South. 810.

The bill was amended by striking paragraph 6, and substituting therefor the following: That the claims of complainant were in existence when said conveyance was made; that complainant was informed and believes that the aforesaid property constituted all the property owned by the said W. M. Morris capable of being subjected to the payment of his debts; that said Morris was not the owner of the property conveyed to him by P. O. McGlathery and T. C. McGlathery on March 28, 1910, a part of the consideration for which was the as-

sumption of the mortgage indebtedness which complain-
ants now seek to recover, said property having been
conveyed by said Morris to Mattie Dodge on January
30, 1911; and that complainant believes that said Mor-
ris is insolvent, and that, if said conveyance was with-
out consideration, it was a preference.

The original paragraph 6 was that said property con-
stituted all, or substantially all, of the property owned
by the said Morris capable of being subjected to the
payment of his debts, and that the claims of complain-
ant were in existence when said conveyance was made,
and that complainant believes that said Morris is in-
solvent, and that, if said conveyance was without con-
sideration, it was a preference.

HAMIL & SAVAGE, for appellant.

ROY McCULLOUGH, for appellee.

SAYRE, J.—After the reversal of the decree over-
ruling a demurrer to the bill as originally filed in this
cause (*Morris v. Fidelity Mortgage Bond Co.,* 187 Ala.
262, 65 South. 810), complainant amended its bill so as
to show that after the transaction complained of and
before the filing of its bill defendant Morris had con-
veyed the mortgaged property to one Mattie Dodge, who
was not a party to the cause. Demurrer was interposed
to the amended bill, was sustained, and complainant
has appealed.

The amendment cured the objection formerly taken
to that alternative aspect of the bill which sought re-
lief by way of having the conveyance declared a gen-
eral assignment—perhaps it were better to say the ob-
jection which might have been so taken, for the de-
murrer was addressed to the bill as a whole—the ob-

jection being that, for aught appearing, the defendant still owned the mortgaged property, and hence that the bill failed to show a conveyance of all, or substantially all the grantor's property; but we are of opinion that the bill has not otherwise been improved by the amendment, and that the chancellor correctly so held. On the former appeal, it was held that, because, for aught appearing, the mortgaged property was ample to satisfy complainant's demand, and its attempt to subject the property conveyed by defendant Morris to his wife may have resulted in the useless harassment and oppression of defendants, the bill did not state a case for equitable relief in the way of setting aside and canceling a conveyance made in fraud of the rights of creditors. The amendment has not changed the status of the bill in that respect; for, notwithstanding the conveyance of the mortgaged property to Mattie Dodge, complainant still has its unimpaired mortgage lien on that property, and, according to our former opinion, it should first resort to its remedy by foreclosure, or should aver the insufficiency of that remedy.

(1) We are of opinion, therefore, that the bill, as a bill to reach property fraudulently conveyed, has not been improved by the amendment. It would result that the chancellor, following on the last submission the previous judgment of this court, as he was bound to do, could not do otherwise than sustain the demurrer to the amended bill. We have stated the above result of our consideration on the first appeal. But now it appears that the rule of the chancery court has been not to deny relief in cases of this sort on the ground there stated. The rule is thus stated in *Tucker v. McDonald,* 105 Mass. 423: "It is familiar law that the holder of collateral security for a debt is not confined to that security, but may attach any other property of

the debtor, unless there has been some agreement to the contrary. We see no reason for considering the remedy which the creditor is pursuing in this case [a case in all respects like the case here under review] as subject to any different rule. We cannot know whether the mortgage that he holds is adequate security for the debt or not. It is, at most, merely collateral to the debt, and is, of course, no bar to any other legal remedy. The remedy which he is pursuing is in the nature of an attachment by an equitable trustee process and we cannot see any reason why he may not resort to it."—citing 1 Story, Eq. Jur., § 547, where a number of English cases are collected; *Taylor v. Cheever,* 6 Gray (Mass.), 146, where American cases are cited.

The same rule is stated on the above authorities in Smith's Eq. Rem. of Creditors, § 21. Our opinion now is that defendants have no just cause of complaint against a bill of this character, assuming on demurrer that its averments are true. We have seen no cases to the contrary.

(2) On the suggestion of a note to 12 Cyc. p. 9, we have been referred to *Preston v. Colby,* 117 Ill. 477, 4 N. E. 375. It appears in the report of that case that the debtor, after judgment, had turned over to the creditor ample property to satisfy the judgment, if converted into cash; this on the theory, as we read the opinion, that the creditor had not exhausted his remedy at law. In that state, as the report shows, a creditor's bill lies only when the creditor has exhausted his remedy at law. But in this state the creditor may resort to equity without exhausting his ordinary remedy at law.—*Freeman v. Pullen,* 19 Ala. 235, 24 South. 57; 6 Mayf. Dig. p. 238, § 1 et seq. In *Barret v. Reed,* Wright (Ohio) 700, cited in the note above referred to, creditors with a mortgage came in to get the benefit of

an assignment for the benefit of creditors. It was held that they should account for the security as a condition of being let in to appropriate other effects. *Palmer & Dutcher v. Foote,* 7 Paige (N. Y.) 437, seems to state the rule in consonance with the authorities generally. Two other cases and an isolated brief expression in Bump on Fraudulent Conveyances, which appear to have been cited at'times to the proposition that a creditor with a mortgage may not pursue other property of the debtor, are mentioned in *Robinson v. Springfield Co.,* 21 Fla. 203, where it was considered that they were not opposed to the doctrine of the books generally.

On the reasoning and authority of the cases and the text-books to which we have referred, we are now of opinion that our decision on the first appeal was in error. In consequence the decree now before us will be reversed. In the further proceedings the chancellor will be governed by this opinion.

Reversed and remanded.

All the Justices concur.