148 So. 311

## NELSON v. BOE.
### I Div. 755.

Supreme Court of Alabama.
May 11, 1933.

Harry T. Smith & Caffey, of Mobile, for appellant.

Alex. T. Howard, of Mobile, for appellee.

584

KNIGHT, Justice.

The bill of complaint in this cause was filed by Mrs. Boe, of Baltimore, Md., against Elizabeth Hockstein Nelson and Theresa McBroom, otherwise known as Theresa Olson, seeking to have the court decree fraudulent and void two certain mortgages executed by the said Theresa McBroom to the said Elizabeth Hockstein Nelson. The first mortgage purports to have been executed on the 23d day of August, 1927, and was filed for record January 20, 1931, and recites a consideration of $25,000, while the second mortgage was executed on the 9th day of June, 1931, and was recorded on the 16th day of June, same year, and the consideration recited is $3,500. The grantee in each of said mortgages was the mother of the mortgagor, and each resided in the city of Mobile, Ala., and the property conveyed was located in Mobile county, Ala.

The bill was filed on December 4, 1931, and during the same month demurrers were separately filed thereto by the two respondents.

The equity of the bill, as originally filed, was made to rest upon averment that the mortgages were without consideration, or if complainant was mistaken in alleging that they were voluntary and without any consideration, then it was charged that they were given by the said Theresa McBroom and were taken and received by the said Elizabeth Hockstein Nelson with the intent to hinder, delay, or defraud complainant in the judgment that she obtained against the said Theresa McBroom. While in the bill each mortgage is separately alleged to be fraudulent and void, yet the ground stated for canceling and annulling the same is substantially the same.

The court sustained the demurrers to the bill as originally filed, and thereafter the complainant amended the same generally, by filing a substitute therefor.

In this amended bill, it is averred that on the 3d day of December, 1931, the complainant recovered a judgment against the defendant Theresa McBroom in the sum of $15,000, in a suit filed January 19, 1931, *on a cause of action which accrued prior thereto,* and on which judgment nothing had been paid.

The bill further avers in the third paragraph that on the day following the day on which the suit was filed, in which complainant recovered her judgment, "there was filed for record in the Probate Court of Mobile County, Alabama, in Mortgage Book 126, N. S., page 235, a written instrument, purporting to have been made on to-wit, the 23d day of August, 1927, and purporting to be, and in form, a mortgage, and which purported to convey to respondent Elizabeth Nelson Hockstein (same person as Elizabeth Hockstein Nelson), who is the mother of the respondent Theresa McBroom, the following described real property situate in said county of Mobile." (Then follows description of the property).

In the fourth paragraph of the amended bill it is averred that on the 9th day of June, 1931, the respondent Theresa McBroom executed to respondent "Elizabeth Nelson Hockstein," a certain instrument in the form of and purporting to be a mortgage, and which was placed of record in the probate office of said county of Mobile on, to wit, the 16th day of June, 1931, in Mortgage Book 126, pages 425, 426, which purported to convey, for a recited consideration of $3,500, the following described real property situate in said county of Mobile. (Then follows description of the property.)

The equity of the bill, as first amended, is rested upon the allegations of paragraph 5, which are as follows: "That the instrument mentioned in the third paragraph hereof, purported to have been made upon a consideration of $25,000.00, and that in the fourth paragraph upon a consideration of $3,500.00, but in truth and in fact, no such consideration passed from the respondent Hockstein to the respondent McBroom, and no debt existed, to secure which the respondent McBroom executed and delivered to her said mother the aforesaid mortgages, or either of them, and in truth and in fact such written instruments were not mortgages at all, and in equity they ought to be cancelled, set aside and held for naught."

There was no demurrer filed to this amended bill, but answers were filed by each of the respondents.

At a later date, and after the respondents had filed their answers, the complainant again amended her bill as last amended, by adding thereto an additional paragraph numbered sixth. We deem it important that this paragraph should here appear in full, and hence, at the expense of brevity, we here reproduce the same: "Sixth: And complainant avers that if she is mistaken in alleging that no debt existed, to secure which the respondent McBroom executed and delivered to her mother, the respondent Elizabeth Nelson Hockstein, the aforesaid mortgage described in the fourth paragraph of this bill, [the $3500.00], the complainant nevertheless alleges the truth to be that the consideration for the said mortgage was in large part simulated and fictitious, and that if there was in fact any debt whatever, it was largely pre-existing, and there was practically no present consideration for the execution of said mortgage, if any at all, that at the time of such execution and delivery of the said mortgage, complainant was a creditor of the said Theresa McBroom, and her cause of action which resulted in the judgment aforesaid, had been pending in this court for nearly six months, which facts were then and there well known to her mother, the respondent Elizabeth Nelson Hockstein, and complainant now shows unto your honor that the said Theresa McBroom executed and delivered the said mortgage with the fraudulent intent to hinder complainant in the collection of her said debt, should she be successful in so reducing the same to judgment, and the said mortgage was also taken and received by her said mother with like fraudulent intent."

It will be seen that this additional ground of equitable relief applies only to the $3,500 mortgage. And it will also be observed that the complainant, in this paragraph, expressly avers that she was a creditor of the said Theresa McBroom at the time said last-mentioned mortgage was executed and delivered.

The sufficiency of the bill as last amended was not tested by demurrer.

On final submission, the chancellor denied relief as to the first mortgage, that is to say, the one for $25,000, but decreed that the one for $3,500 was fraudulent and void as against the judgment of the complainant, and ordered the property attempted to be conveyed by that mortgage to be sold in satisfaction of complainant's demand.

■ From this decree, the said Elizabeth Hockstein Nelson has appealed to this court. There is also a cross-assignment of error by Mrs. Boe, bringing before us for review the correctness of the chancellor's decree in sustaining the mortgage of August 23, 1927, securing an indebtedness to Mrs. Nelson of $25,000 and interest. Such cross-assignment of error is now permitted by section 6091, Code, and no consent in writing of appellant is now required. To this extent rule 3 of Practice has been abrogated.

■ We need not determine, in passing upon the validity vel non of the mortgage executed on August 23, 1927, by Mrs. McBroom to her mother, and which recites a consideration of $25,000, whether the bill, as last amended, states a cause of action or not, as to said mortgage, as a careful review of the evidence here reasonably satisfies us that this mortgage was but the renewal of a former mortgage executed by Mrs. McBroom to her mother on September 15, 1921, and many years before Mrs. Boe came into the picture, and at a time when there could have been no object in view except the bona fide purpose of securing to Mrs. Nelson the payment of $22,000, representing the purchase price of the property sold by the mother to this daughter.

We are persuaded that this mortgage for $22,000, executed to Mrs. Nelson on September 15, 1921, was canceled in order to qualify Mrs. McBroom to become a surety on certain appearance bonds, executed to the United States government, and not in absolute satisfaction of the indebtedness secured by the mortgage. We are further at the conclusion that this mortgage was in fact executed on the day it bears date, and that it is not infected with fraud. The fact that it was not filed for record until the day following the day on which complainant filed her bill in this cause is not of itself, nor when taken in connection with the other evidence in this cause, sufficient to convert an otherwise valid, legal, and subsisting mortgage into a fraudulent conveyance. The principles of law, which prohibit the withholding of a conveyance from the record in certain cases, have no application under the facts in this case. In this case, complainant's right of action and the judgment thereon grew out of a tort, committed after the debt was contracted which is secured by the mortgage.

We are here of the opinion that the court below under the evidence reached a proper conclusion as to the mortgage for $25,000, and the decree in that respect will be here affirmed. The appellee must therefore fail in her cross-assignment of error.

■ We will now consider the case with respect to the mortgage executed to Mrs. Nelson by her daughter on June 9, 1931, upon the recited consideration of $3,500.

It is first insisted by appellant that the bill of complaint does not state a cause of action, and, therefore, without regard to the state of proof, the complainant was not entitled to any decree in the cause. This, upon the theory that proof without averment can be no,

more efficacious than averment without proof. As a proposition of law this is true, for in equity, as well as at law, appropriate pleading is as essential to the enforcement of a right as proof is necessary to support such pleadings. Proof without pleading will generally not suffice to enforce a demand or protect a right. Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638, 77 So. 12; Sims Chan. Pr. § 200; Overton v. Moseley, 135 Ala. 599, 33 So. 696; Rapier v. Gulf City Paper Co., 64 Ala. 330; S. & N. A. R. R. Co. v. H. A. & B. R. R. Co., 117 Ala. 395, 23 So. 973; Cockrell v. Gurley, 26 Ala. 405; McKinley v. Irvine, 13 Ala. 681, 693.

■ We are in accord with appellant that complainant's first-stated ground for judicial condemnation of the mortgage executed June 9, 1931, and which is set out in paragraph 5 of the amended bill, is so defective and omissive in essential averment as not to state a cause of action against the respondents.

■■ In the absence of a demurrer—as is the case here—if the complaint contains a substantial cause of action, and the judgment is responsive to it, the appellant will not be heard to complain of errors or defects in the complaint which would have subjected it to demurrer. The court will, in construing the averments of a complaint in actions at law, "adopt a liberal construction, and if by treating all amendable defects as amended it appears from the facts stated, whether well or illy pleaded, a substantial cause of action is stated, then it is sufficient to sustain the judgment." Stewart v. Goode et al., 29 Ala. 476; Kyle v. Caravello, 103 Ala. 150, 153, 15 So. 527; Walker v. Mobile Marine D. & Mut. Ins. Co., 31 Ala. 529, 530; Harris v. Plant & Co., 31 Ala. 639, 644; Childress et al. v. Mann, 33 Ala. 206, 207; Mahoney v. O'Leary, 34 Ala. 97, 101; Foster v. State, 39 Ala. 229, 239; Douglas v. Beasley, 40 Ala. 142, 143; Martin v. Rushton, 42 Ala. 289, 292; Watson v. Knight, 44 Ala. 352, 354; Leach et al. v. Bush, 57 Ala. 145, 153; Phillips v. Sellers, 42 Ala. 658, 661; Whilden & Sons v. Merchants' & Planters' Nat. Bank, 64 Ala. 1, 27, 38 Am. Rep. 1; Am. Bonding Co. v. N. Y., etc., Co., 11 Ala. App. 578, 66 So. 847. And we see no good reason why the same rule would not apply in equity.

As heretofore pointed out, after the court had sustained the respondents' demurrers to the original bill of complaint, the complainant twice thereafter amended her bill, and we are now only concerned with the bill as last amended, and will deal only with its averments, and are not at all concerned about the defects or omissions of the original bill.

■ In amended bill, it is expressly averred in the second paragraph "that on to-wit the 3rd day of December, 1931, the complainant recovered of the defendant Theresa Mc-Broom a judgment in this court on the law side, in the sum of fifteen thousand dollars, in a suit filed January 19, 1931, *on a cause of action which accrued prior thereto,*" meaning, of course, prior to January 19, 1931. The mortgage attacked was not executed until June 9, 1931.

And in the sixth paragraph, added by way of amendment, and which deals only with the mortgage of June 19, 1931, it is averred "that at the time of such execution and delivery of said mortgage, complainant *was a creditor of said Theresa McBroom,* and her cause of action which resulted in the judgment aforesaid, had been pending in this court for nearly six months, which *facts were then and there well known to her mother,* the said Elizabeth Nelson Hockstein." (Italics supplied.)

We have set out herein this sixth paragraph in full and we are of the opinion it was, and is, sufficient to charge the respondents with actual fraud in the execution, delivery, and acceptance of said mortgage.

It is insisted by the appellant that, inasmuch as the bill of complaint is filed in the alternative, it cannot support a decree, unless each alternative allegation would support the prayer for the condemnation of the property therein described to the payment of complainant's judgment. This would undoubtedly be true, as against an apt ground of demurrer, for while in equity a bill may be filed with alternative averments for relief, yet each aspect must make a good bill—state a cause for equitable relief—and if either alternative is bad then the whole is bad, and subject to demurrer. Henry v. Tenn. Livestock Co., 164 Ala. 376, 50 So. 1029; 3 Mayfield's Dig. p. 286; Curran v. Olmstead, 101 Ala. 692, 14 So. 398; Mountain v. Whitman, 103 Ala. 630, 16 So. 15; Beddow v. Sheppard, 118 Ala. 474, 23 So. 662; Taylor v. Dwyer, 131 Ala. 91, 32 So. 509.

■ But, in the instant case, there was no demurrer taking the point that the amended bill was defective in any one of its alternatives, and it is certain to our mind that the complainant in the sixth paragraph of the amended bill states a cause of action—a ground for equitable relief—and we will therefore treat the bill as though it had been amended by striking the first alternative ground for relief. This the court can well do. Authorities supra. The authorities relied upon by the appellant that the bill is bad in toto, if either of the alternative grounds for relief was bad, were cases considered upon demurrer.

We are fully persuaded that when section 2 and section 6 of the amended bill are read and construed together, it is made to appear that the complainant was a creditor of the mortgagor at the time of the execution of the mortgage for $3,500; that suit had been commenced to reduce complainant's cause of

action to a judgment long prior to the execution of the mortgage; that judgment was rendered thereon; and that this judgment at the time of the filing of the suit remained unpaid. While the averments of the amended complaint relied upon to charge the above facts may not be as fully expressed, or as clearly stated, as good pleading would suggest, yet, in the absence of apt grounds of demurrer, as we have pointed out, we hold that the bill as amended in one of its alternatives, at least, states a cause of action.

We note that appellant, in her original and reply brief, among other things, calls our attention to the fact that the averment that complainant was a creditor of Mrs. McBroom is but the statement of a legal conclusion, and not an allegation of fact. This may be granted, yet appellant did not object to it in the mode provided by law.

It is also insisted by appellant that inasmuch as the mortgage still leaves in the mortgagor an equity of redemption, which is subject to execution, that it is essential to a creditor's bill to set aside the mortgage as fraudulent, it should be alleged that the equity of redemption which was retained by the mortgagor, debtor, was not sufficient to have satisfied the execution of the complainant. We cannot subscribe to this doctrine. It is true that this court, in the case of Morris v. Fidelity Mortgage Bond Co., 187 Ala. 262, 65 So. 810, seems to have held in line with this contention of appellant, but when the case returned to this court all the Justices concurred in holding that in this state "the creditor may resort to equity without exhausting his ordinary remedy at law," and expressly noted that the decision on the first appeal was erroneous, in this particular. Fidelity Mortgage Bond Co. v. Morris et al., 191 Ala. 318, 68 So. 153, Ann. Cas. 1917C, 952.

It is also insisted by appellant "that the mortgagee, Mrs. Elizabeth Hockstein Nelson, who is the appellant, was not a party to this judgment and that it is not, therefore, admissible in evidence as against her."

This court is committed to the proposition that "a judgment against the donor, or grantor, whether rendered prior, or subsequent to the gift or conveyance, is competent evidence of the debt, of the fact that the party in whose favor it was rendered, stands in a relation to be injured and affected by the gift or conveyance. When rendered by a court of competent jurisdiction, in the regular course of judicial proceedings, in the absence of fraud or collusion, it is conclusive evidence of a debt existing at the time of its rendition.—Dubose v. Young, 14 Ala. 139: Snodgrass v. Branch Bank at Decatur, 25 Ala. 161 (60 Am. Dec. 505); Troy v. Smith, 33 Ala. 469. It is not evidence of an indebtedness existing at any time anterior to its rendition;

and if the conveyance is impeached as merely voluntary, as wanting only in a valuable consideration, if the time of rendition is subsequent to the conveyance, there must be other evidence than the judgment affords to show the existence of the debt when the conveyance was made. But if, as in the present case, the gift or conveyance is assailed as tainted with actual fraud, as having been made with the intent to hinder, delay, or defraud existing creditors, it is void, not only as to such creditors, but as to subsequent creditors; and the judgment, of itself, establishes the right of the creditor to impeach the gift or conveyance." Lawson v. Ala. Warehouse Co., 73 Ala. 289; Elliott v. Horn, 10 Ala. 348, 44 Am. Dec. 488; Thomas v. Degraffenreid, 17 Ala. 602, 611; Foote v. Cobb, 18 Ala. 585; Huggins v. Perrine, 30 Ala. 396, 68 Am. Dec. 131; Simmons et al. v. Shelton et al., 112 Ala. 284, 21 So. 309, 57 Am. St. Rep. 39; Yeend, Adm'r, v. Weeks et al., 104 Ala. 331, 16 So. 165, 53 Am. St. Rep. 50; Anderson v. Anderson, 64 Ala. 403, 405.

This brings us down to a consideration of the evidence in the case. Some of the witnesses who appeared and testified in the case have been severely criticised by counsel for the respective parties. Whether these witnesses merited the criticism leveled against them, or whether they are paragons of virtue, we do not feel called upon to discuss in this opinion. Nor do we think that a detailed discussion of the evidence will serve any useful purpose. Suffice it to say that we have read and carefully considered the entire record, and are of the opinion that the evidence establishes the fact that the mortgage for $3,500, executed on June 9, 1931, and which is more fully described in the fourth paragraph of the amended bill, was executed by the daughter to the mother, and received by the latter for the fraudulent purpose of hindering the complainant in the collection of whatever judgment she might recover against Mrs. McBroom, in her suit against the latter for the alienations of the affections of Mrs. Boe's husband. We are fully convinced that said mortgage was the product of a fraudulent scheme on the part of both daughter and mother, to defraud Mrs. Boe, the complainant, and to circumvent her in the enforcement of her claim or demand against Mrs. McBroom; that it was a mere cloak and sham, resorted to by the mortgagor and mortgagee, acting in concert and with a common purpose, to cover up, and place beyond the reach of this creditor, property, which would otherwise be liable to the satisfaction of the judgment; that it was infected with actual fraud, as contradistinguished from constructive fraud, and being thus infected with actual fraud it was, and is, void in toto as against existing as well as subsequent creditors. It cannot be allowed to stand for any purpose. Ruse v.

588

Bromberg, 88 Ala. 619, 7 So. 384; Gordon, Rankin & Co. v. Tweedy, 71 Ala. 202, 213; Campbell v. Davis, 85 Ala. 56, 4 So. 140; Tissier v. Wailes (Ala. Sup.) 39 So. 924; Pritchett v. Jones, 87 Ala. 317, 6 So. 75.

We are in full accord with the conclusion of the chancellor as to said last-mentioned mortgage, and his decree declaring the same null and void, and in ordering the property conveyed thereby sold for the satisfaction of complainant's judgment will be, and is, here affirmed.

However, we are not in accord with the chancellor as to the imposition of cost in the case. A large part of the cost was incurred in the vain and unsuccessful attack upon the first-mentioned mortgage. The respondents should not be required to pay the cost incurred in that attack. A decree will be accordingly here rendered, taxing one half the cost in the court below against the complainant, and the other half against the respondents.

As corrected as to the imposition of cost, the decree appealed from will be, and is, affirmed.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.