296 So.2d 144

**Al YEARGIN, etc.**

**v.**

**Joseph V. DONNELLY and Thelma R. Donnelly.**

**SC 633.**

Supreme Court of Alabama.

May 30, 1974.

**432**

Chason, Stone & Chason, and Charles C. Partin, III, Bay Minette, for appellees.

Chason & Underwood, Foley, for appellants.

BLOODWORTH, Justice.

Respondent Al Yeargin appeals from a decree of the circuit court of Baldwin County setting aside a warranty deed from the complainants, Joseph and Thelma Donnelly, to the respondents, James and Carol Driver, on account of failure of consideration and fraudulent misrepresentation, and removing as clouds on complainants' title a quitclaim deed to the same parcel of land from the Drivers to Pioneer Investment,

Inc. and a subsequent warranty deed to said land from Pioneer Investment to respondent Yeargin.

On November 15, 1971, the Donnellys executed and delivered to the Drivers a warranty deed conveying to the Drivers certain real property situated in Baldwin County. The consideration for the execution of this deed was the transfer to the Donnellys by James Driver of 180,000 shares of stock in South Central Industries, Inc., which Driver represented to the Donnellys to be a financially sound corporation, the stock of which he represented to be worth $1.50 to $2.00 per share and further represented that it could be freely traded six months after September 10, 1971.

The warranty deed from the Donnellys to the Drivers was duly recorded on December 15, 1971. The next day, the Drivers executed and delivered a quitclaim deed to Pioneer Investment, Inc., a corporation. By the terms of the quitclaim deed, the Drivers reserved all of the oil, gas and other mineral rights in the subject property. On February 21, 1972, Pioneer Investment, Inc. executed and delivered a warranty deed conveying the property to respondent Yeargin. James Driver signed the deed as President; William Lyons signed the deed as Secretary.

After holding the stock for six months (as required by a contract of sale), the Donnellys attempted to sell the stock and were informed that it was worthless and, even if it were to have some value, it was investment stock and could not be sold for two years. Whereupon, the Donnellys instituted this suit in the circuit court of Baldwin County seeking to set aside the warranty deed from the Donnellys to the Drivers on grounds of failure of consideration and fraudulent misrepresentation. The Donnellys also asked the court to decree that the respondent Yeargin has no right, title or interest in the subject property and that the quitclaim deed to Pioneer Investment and the warranty deed to Year-gin be removed as clouds upon the title of complainants Joseph and Thelma Donnelly.

Respondents James and Carol Driver, nonresidents whose address was unknown to complainants, were served by publication, and, having failed to answer, plead or demur to the bill of complaint, decrees pro confesso were entered against them. Respondent Yeargin appeared and defended.

The cause came on for trial and the evidence was heard ore tenus by the trial judge, Hon. Telfair Mashburn. The evidence taken included testimony by Joseph Donnelly (as part of complainants' case in chief) that he has remained in possession of the property at all times subsequent to the execution of the warranty deed to the Drivers, that he lived on the property, and continued to operate all the facilities on the property (with the exception of a restaurant which was operated for several months by a Mr. Fortenberry, an employee of Mr. Driver, under an A. B. C. license issued to Mr. Donnelly), and that it was generally known in the community that Mr. Donnelly was in possession of the property. There was testimony that Mr. Donnelly had told Mr. Driver that he (Donnelly) was going to stay in possession until he got his money. On rebuttal for complainants Mr. Day, a neighbor, testified that Mr. Donnelly had been in possession of the property at all times during the three years preceding the trial and that Mr. Donnelly had been away from the property for only one week, during which time Mr. Day stayed on the property for him.

A final decree was rendered on May 15, 1973, in which the trial judge found that the allegations in the bill of complaint had been proved and that complainants were entitled to the relief prayed for. Accordingly, the warranty deed from the Donnellys to the Drivers was declared to be void and of no legal effect, and the quitclaim deed from the Drivers to Pioneer Investment and the warranty deed from Pioneer to Yeargin were removed as clouds on

complainants' title. It is from this decree that respondent Yeargin appeals.

Upon a consideration of those issues argued on this appeal, we hold that the trial court did not err in granting complainants the relief prayed for. Accordingly, we affirm.

In appellant Yeargin's assignments of error 1. and 2., he complains that the trial court erred in granting relief because the bill of complaint fails to state any cause of action against him or to allege any wrongful action which would support the decree against him.

The precise contentions on this issue are less than clear. Appellant Yeargin, in brief, denies that complainants/appellees had to allege possession in order to state a cause of action against him. The remainder of his argument relates only to complainants' failure to affirmatively allege their possession of the property in their complaint; no other alleged defect in the complaint is brought to our attention. Nevertheless, we will briefly address ourselves to the contention that a cause of action is not stated.

■ Allegations by complainants that they were in possession of the subject property are not necessary in order to state a valid cause of action and to remove respondent Yeargin's deed as a cloud on their title. Possession by complainants goes only to the issue of whether or not appellant was a bona fide purchaser. This Court specifically held in Barton v. Barton, 75 Ala. 400 (1883) and in Marsh v. Elba Bank and Trust Co., 207 Ala. 553, 93 So. 604 (1922), that the issue of bona fide purchaser for value is an affirmative defense, in the nature of confession and avoidance, which must be raised by respondent in an action such as the one at bar. When respondent alleges and proves such, burden then shifts to complainants to prove the respondent had actual or constructive notice of the facts constituting the fraud before his purchase or of facts or circumstances sufficient to put him on inquiry, which if

followed up, would lead to discovery thereof. There is no duty upon complainants, pleading a fraudulent conveyance, to anticipate the defense and to affirmatively plead and prove that all subsequent purchasers are *not* bona fide purchasers. Authorities, supra.

■ As to other possible defects in the complaint, we note that in our case of Nelson v. Boe, 226 Ala. 582, 148 So. 311 (1933), (a bill in equity seeking to have two mortgages decreed fraudulent and void), this Court held that, in absence of a demurrer, if a complaint states a substantial cause of action and the judgment is responsive to it, the Court will treat amendable defects as amended. The Court there stated at 226 Ala. 586, 148 So. at 313:

"In the absence of a demurrer—as is the case here—if the complaint contains a substantial cause of action, and the judgment is responsive to it, the appellant will not be heard to complain of errors or defects in the complaint which would have subjected it to demurrer. The court will, in construing the averments of a complaint in actions at law, 'adopt a liberal construction, and if by treating all amendable defects as amended it appears from the facts stated, whether well or illy pleaded, a substantial cause of action is stated, then it is sufficient to sustain the judgment.' [Citations omitted.] And we see no good reason why the same rule would not apply in equity."

■ In reviewing the bill of complaint in the case at bar, we find that it is alleged that the Drivers obtained the subject deed from the complainants for stock, that the stock was worthless, and that statements made by Driver to the complainants as to value, market for, and stability of, the stock and the corporation were false. The complaint asks that the aforementioned deed from the Donnellys to the Drivers be declared void and of no force and effect on account of failure of consideration and fraudulent misrepresentation. The com-

plaint goes on to allege the execution of subsequent deeds from the Drivers to Pioneer, and from Pioneer to Yeargin. The complaint asks that it be declared that Yeargin took no right, title or interest in the property by virtue of his deed and that the Pioneer deed and his deed be removed as clouds on complainants' title.

While the complaint does not allege "wrong doing" on the part of Yeargin, as respects him, it alleges that Yeargin received no interest in the real estate by virtue of his deed because his predecessors in title had no interest to convey on account of fraud and misrepresentation.

We think it clear that the complaint alleges a substantial cause of action and that the judgment was responsive to the complaint. The contention that the bill does not state a cause of action is without merit.

In assignments of error 3. and 4., appellant Yeargin complains that the trial court erred in considering testimony relating to complainants' possession of the property because there was no allegation of possession by the complainants in the bill of complaint. Appellant argues that proof of a fact not alleged is unavailable for relief, citing Sachs v. Sachs, 278 Ala. 464, 179 So.2d 46 (1965); W. T. Smith Lumber Co. v. L. J. Foshee, 277 Ala. 71, 167 So.2d 154 (1964); AGM Drug Company of Alabama v. Dobbs, 277 Ala. 493, 172 So.2d 379 (1965); Mid-State Homes, Inc. v. Ledford, 284 Ala. 613, 227 So.2d 126 (1969).

■■ While we agree that this may be a correct principle of law as stated in these cases [insofar as it has not been altered by the adoption of the Alabama Rules of Civil Procedure, Rule 15(b)], we cannot agree that this principle is dispositive of the case at bar. The above cited cases involve situations wherein the trial court granted relief not requested by complainants or where the facts, as proven at trial, were entirely inconsistent with the allegations of the complaint. These cases simply stand for the proposition that one cannot plead one set of facts and then prevail at trial by proving an entirely different set of facts, even if the latter facts, as proven, would entitle the complainant to relief if properly pleaded. Testimony, whose only relevancy is to prove facts not properly part of the cause of action pleaded is inadmissible as irrelevant.

■ In the instant case, however, we cannot say that the testimony as to complainants' possession was irrelevant under the pleadings. While complainants were not under any duty to plead and prove their possession in anticipation of respondent's defense of bona fide purchaser, nevertheless, once respondent alleged in his answer that he gave value for his deed and did not have notice that complainants were in possession of the property, and claimed an interest in said property, until just two weeks prior to commencement of this suit, we think the defense of bona fide purchaser was injected into the action by respondent Yeargin himself. The issue of possession of the property, therefore, was properly before the court and the testimony of Joseph Donnelly and John Day as to complainants' possession of the property was admissible being relevant to the issue as to whether respondent Yeargin was a bona fide purchaser or whether he was put on notice of complainants' claims to the property by complainants' possession of the property.

■ Respondent also argues that, even if relevant to the issue as to whether or not he was a bona fide purchaser, the cases of Barton v. Barton, supra, and Marsh v. Elba Bank and Trust Co., supra, hold that only *after* the party alleging to be a bona fide purchaser has proven such allegation does the burden shift to the opposing party to disprove such status. Respondent argues that it was reversible error for the trial court to consider complainants' proof of possession during complainants' case in chief before the respondent had put on his case to prove he was a bona fide purchaser for value.

**436**

 We conceive this argument to be without merit. The aforementioned cases deal only with the shifting of the burden of proof; they in no way purport to regulate the order of presentation of testimony, a matter we take generally to be within the sound discretion of the trial court.

 Appellant Yeargin's fifth assignment of error, complaining of the trial court's denial of appellant's application for rehearing, is not argued in brief and is, therefore, waived. Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425 (1968). Moreover, such denial will not support an appeal, since the decree was not modified. Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891 (1964).

Thus, we conclude that the trial court did not err in granting the relief prayed for, and its decree is due to be affirmed.

Affirmed.

COLEMAN, McCALL, FAULKNER and JONES, JJ., concur.

