[No. 11882.  Department One. — July 1, 1889.]

JAMES L. KING, ADMINISTRATOR, ETC., APPELLANT, v. GEORGE W. GILDERSLEEVE, ADMINISTRATOR, ETC., ET AL., RESPONDENTS.

ATTORNEY AND CLIENT — COMPENSATION FOR SERVICES — CONTRACT TO CONVEY LAND — SPECIFIC PERFORMANCE — MUTUALITY. — A contract by a client to convey land to his attorney, as compensation for services in litigation involving the title, may be specifically enforced against the client and his vendees with notice, if it has been fully performed on the part of the attorney, without regard to whether the client had title to the land or not; but if not fully or substantially performed by the attorney, and if performance has not been waived, such contract cannot be specifically enforced for want of mutuality of remedy, the contract being for personal services confidential in their nature, which the client could not enforce.

ID. — COMPROMISE BY CLIENT. — The compromise of litigation by a client cannot affect the rights of the attorney under a contract for the conveyance of land as compensation, though he cannot obtain any better title than the client had, and of that the other party and those claiming under him with notice cannot complain. An attorney cannot prevent a compromise by his client; but neither the client nor the opposite party having knowledge of his rights can so compromise the action as to defeat the rights of the attorney in the subject-matter of the action.

ID. — SPECIFIC PERFORMANCE — COMPROMISE BY ADMINISTRATOR — WAIVER
OF PERFORMANCE — DAMAGES. — The refusal of an administrator to carry
on litigation which his decedent was carrying on under contract with his
attorney to convey him land as compensation, and the effecting of a com-
promise by such administrator, under the sanction of the probate court,
cannot be regarded as such a waiver of performance as would entitle the
attorney to a specific performance of the contract, without having fully.
or substantially performed on his part, though it might entitle him to
damages.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*George E. Lawrence,* for Appellant.

Want of mutuality is no bar to this action. (*Ballard*
v. *Carr,* 48 Cal. 75; *Howard* v. *Throckmorton,* 48 Cal. 482;
*Hall* v. *Center,* 40 Cal. 63; *De Rutte* v. *Muldrow,* 16 Cal.
505; *Allen* v. *Cerro Gordo Co.,* 40 Iowa, 349; *Schroeder* v.
*Gemeinke,* 10 Nev. 366; *Frue* v. *Houghton,* 3 Col. 303;
*Perkins* v. *Hadsell,* 50 Ill. 216; Pomeroy on Specific Per-
formance, secs. 168, 169, 171–174.) The refusal of Gil-
dersleeve, the administrator, to permit the plaintiff to go
on with the case, and thereby preventing the plaintiff
from performing his contract, absolved plaintiff from
further performance. (Civ. Code, secs. 1110, 1140, 1511;
*Wolf* v. *Marsh,* 54 Cal. 232; *Brodie* v. *Watkins,* 33 Ark.
547; 34 Am. Rep. 49; *Bright* v. *Taylor,* 4 Sneed, 159;
see *Houghton* v. *Steele,* 58 Cal. 421.) And he is entitled to
all the benefits which he would have obtained had it been
performed. (Civ. Code, sec. 1511; *Bright* v. *Taylor,* 4 Sneed,
159; *Brodie* v. *Watkins,* 32 Ark. 545, 547; 34 Am. Rep.
49.) This is a contract for the conveyance of real estate
to be paid for by personal services. Specific perform-
ance has been decreed where payment was to be made
in services and money. (*Owen* v. *Frink,* 24 Cal. 171;
*Cunningham* v. *Brown,* 44 Wis. 72.) Specific performance
is the only remedy that plaintiff has; an action for dam-

ages would be of no avail. (Civ. Code, secs. 1412, 1514, 3387; *Estate of Corwin*, 61 Cal. 160.)

*Lloyd & Wood*, and *Garber & Bishop*, for Respondents.

The complaint is defective in not showing that Corwin ever had title to the land. (Waterman on Specific Performance, sec. 91.) A client can compromise and dismiss an action without consent of his attorney. (*Yoakley* v. *Hawley*, 5 Tex. 670.) The contract for services is not specifically enforceable for want of mutuality, there being no full or substantial performance of the services. (Fry on Specific Performance, 3d Am. ed., secs. 87, 440; *Cooper* v. *Pena*, 21 Cal. 403; *Richmond* v. *Dubuque etc. R. R. Co.*, 33 Iowa, 422; *Luse* v. *Deitz*, 46 Iowa, 205; *Jones* v. *Noble*, 3 Bush, 694; *Duvall* v. *Myers*, 2 Md. Ch. 401; *Reese* v. *Reese*, 41 Md. Ch. 554; *Mastin* v. *Halley*, 61 Mo. 196; *Maynard* v. *Brown*, 41 Mich. 298; *Bodine* v. *Glading*, 21 Pa. St. 50; 59 Am. Dec. 749; *Hamilton* v. *Porter*, 63 Pa. St. 335; *Rutland Marble Co.* v. *Ripley*, 10 Wall. 339; *Duff* v. *Hopkins*, 33 Fed. Rep. 599; *Wellingham* v. *Hoover*, 74 Ga. 233; *Magee* v. *McManus*, 70 Cal. 553; *Burnett* v. *Kullak*, 76 Cal. 535.) An excuse for non-performance, by reason of prevention, under section 1511 of the Civil Code, is no substitute for performance as a ground of specific performance in a case like the present. (*Cooper* v. *Pena*, 21 Cal. 403.)

WORKS, J. — The deceased, Corwin, and the defendant Baldwin, being in litigation involving the title to a certain tract of land, the former entered into a written contract with the appellant's intestate, by which he agreed that, in consideration of his services, to be rendered as an attorney for said Corwin, in said litigation, he would convey to Lawrence "a lot of land out of the premises which may be recovered by him, fronting thirty feet on Hayes Street, by a uniform depth southerly of 137½ feet, which is to be of equal quality and value as the re-

mainder of said premises, free of encumbrances created by him."

Lawrence entered upon the performance of the services, and a long litigation followed, the case coming once to this court. Before the litigation was concluded Corwin died, and the respondent Gildersleeve was appointed his administrator. Gildersleeve declined to prosecute the action further, although Lawrence requested it, and was ready and willing to carry out his part of the contract. Gildersleeve, against the advice and without the consent of Lawrence, compromised the litigation with Baldwin for one thousand dollars, and under an order of the probate court, procured in furtherance of the terms of compromise, conveyed to Baldwin all the right, title, and interest of Corwin in the property.

This suit was brought to compel a specific performance of the contract of Corwin to convey to Lawrence the thirty feet front of the property, and the complaint shows substantially the above facts.

Baldwin and the defendant Grayson, who took under him, as well as Corwin's administrator, are made parties defendant.

A demurrer to the complaint was sustained, and judgment rendered against the plaintiff, from which this appeal is taken, and is being prosecuted by King, the administrator of Lawrence.

We are inclined to doubt the correctness of the ruling of the court below, on account of the extreme length of the brief of the learned counsel for respondent in its support. Knowing the ability of counsel and their accurate knowledge of the law, a brief of *eighty-five pages* coming from them in support of a single ruling of the court below casts great doubt upon such ruling. However, the learned counsel may not have had *time* to prepare a *short* brief, and for that reason have cast upon us the unnecessary labor of reading and extracting there-

from the points made. If we overlook any of them, counsel will readily understand the reason.

It is urged as an objection to the complaint that it does not allege that Corwin had any title to the land. This was unnecessary. The question whether he had title or not was the question in litigation between Corwin and Baldwin. Lawrence had agreed to recover the land for Corwin, and in consideration thereof was to have a part of the land. Neither Corwin nor his administrator could assert, as against him, that Corwin had no title, and thereby defeat his claim. He was entitled to proceed with the suit and obtain a title, and as Corwin's administrator prevented his doing so, he was, as against Corwin's estate, entitled, so far as this point is concerned, to a conveyance of Corwin's interest in the land, whatever it might have been. He would also have been entitled to such a conveyance as against Baldwin and purchasers under him, if the contract had been fully performed on his part. Under such a conveyance he would have stood in Corwin's shoes, and if Baldwin had a better title, his deed would have availed him nothing. If Corwin's title was good as against Baldwin, Lawrence was entitled to it, if he performed his part of the contract. So that in neither view that can be taken of it was it necessary for Lawrence to show title in Corwin in order to entitle him to recover.

The fact that the litigation as between Corwin and Baldwin was compromised could not affect his right to such a deed. It would, of course, give him no better title than Corwin had, and to that Baldwin, and purchasers from him with notice, cannot be heard to complain.

It is true, as contended by the appellant, that an attorney cannot prevent a compromise by his client, but it is equally true that the client cannot, nor can the opposite party, having knowledge of his rights, so com-

promise the action as to defeat the rights of the attorney in the subject-matter of the action.

But the complaint was fatally defective for the reason that the contract was not one that could be specifically enforced. To authorize the specific enforcement of a contract, the remedy under it must be mutual and susceptible of enforcement by both of the parties. There are certain exceptions to this rule not affecting this case. The performance of a contract for personal services, confidential in their nature, will not be compelled, and this being so, the party bound by the contract to perform such services cannot compel performance by the other party for that reason alone. *Cooper* v. *Pena,* 21 Cal. 409, is in point, and decisive of the question. In that case it was said: " So far as the agreement is unperformed, the plaintiff cannot be compelled to perform it on his part, for equity will not enforce a contract for personal services, but leave the party to his remedy at law. In respect to the remedy, therefore, there is no mutuality, and it is universally admitted that equity will not enforce a contract, where the party asking its enforcement cannot himself be compelled to perform it. The contract must be just and equal in its provisions, and the subject-matter must be such that equity can take jurisdiction of it and compel performance by both of the parties. The remedy must be mutual as well as the obligation; and where the contract is of such a nature that it cannot be specifically enforced as to one of the parties, equity will not enforce it against the other. We have already stated that the plaintiff cannot be compelled to complete the services which he agreed to perform, and the fact that he has offered to complete them is not equivalent to actual performance. The rejection of the offer by the defendant excuses the performance as a condition precedent, but does not release the plaintiff from his obligation to perform, so long as he insists upon the agreement. As this is an obligation which

the court cannot enforce, there is no principle that would justify it in enforcing the obligation on the other side; and the only course is to decline to interfere, and leave the plaintiff to his remedy for damages." So in *Vassault* v. *Edwards*, 43 Cal. 465, it is said: " In *Cooper* v. *Pena*, the consideration for the land to be conveyed was to be paid by the personal services of the plaintiff; and the court rightly, and in entire accord with the authorities, some of which we have above cited, held that, as the court could not specifically enforce the performance of the personal services, the remedy was not mutual. There is no exception to the rule,—at least none now occurs to us,—that the contract, though signed by both parties, will not be specifically executed at the instance of one party, unless performance on his part can also be compelled. The proposition that specific performance of the contract would not be decreed when the party asking its enforcement could not be compelled to perform it, was decisive of the case, and upon it the case was in fact decided; and in our opinion the decision is sustained by the overwhelming weight of the authorities. The exceptions which are stated in some of the cases prove the rule. A suit cannot be maintained by an infant, because he cannot be compelled to perform the contract; but if the infant commences the action after he arrives at the age of majority, specific performance will be decreed, because there is then a mutuality of remedy, and the plaintiff can be compelled to perform on his part. A sale to a married woman furnishes another illustration. She cannot maintain a suit for specific performance, because she cannot be compelled to perform the agreement on her part."

The rule is not applicable where the personal services have been fully or substantially performed, or where full performance has been waived. (*Ballard* v. *Carr*, 48 Cal. 79; *Howard* v. *Throckmorton*, 48 Cal. 489.)

The complaint does not show even a substantial performance on the part of Lawrence, and the refusal of the

administrator to go on with the litigation could not, under the circumstances of this case, be regarded as such a waiver of performance as would entitle the appellant to a specific performance, but might entitle him to damages.

This objection to the complaint being fatal, other points made by the respondent against it need not be considered.

Judgment affirmed.

BEATTY, C. J., and PATERSON, J., concurred.