# Norsworthy, *et al. v.* Willoughby, *et al.*

## *Bill to Partition Land.*

(Decided December 21, 1911. 57 South. 717.)

1. *Gifts; Inter Vivos; Parol Gift of Land; Evidence.*—A party claiming an interest in land by gift has the burden of establishing the gift, where it rests in parol.

2. *Adverse Possession; Burden of Proof.*—One claiming land by adverse possession has the burden of proving that he has held the land adversely for the statutory period necessary to perfect his title.

3. *Partition; Evidence.*—Evidence considered and held sufficient to justify a decree of partition.

4. *Equity; Decree; Conformity to Pleading.*—A chancery court cannot grant relief as to a matter or claim which is not made an issue by the bill, answer or plea.

APPEAL from Coffee Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by J. L. Willoughby and another against W. S. Norsworthy and others, for partition of land. Decree for complainants and respondents appeal. Affirmed.

H. L. MARTIN, for appellant. Under the testimony complainant's demand is stale as it is shown that for thirty or thirty-five years complainants have not been in possession or demanded one cent of rent for the land.—132 Ala. 674. It also appears that Tom Willoughby has been in possession of said land, and has claimed the same adversely for more than 30 years under a gift from his father, and that this possession has been open and notorious and sufficient to put the other co-tenants on notice of the adverse claim. Under another aspect of the evidence the bill was prematurely filed, for if Willoughby was entitled to it for a lifetime, he could not be now dispossessed by a sale.—50 South. 287; *Hamby v. Folsom,* 148 Ala. 224; 51 South. 732. Complainant must aver and prove that the property cannot be equitably divided.—52 South. 949.

W. W. SANDERS, for appellee. By not raising the question of misjoinder in the lower court that question is waived.—*Worthington v. Miller,* 134 Ala. 420. One tenant in common in possession is presumed to hold for his co-tenant, and before he can acquire title by adverse possession, it must be actually known to his co-tenant, or so open and notorious as to put them on notice.— *Ashford v. Ashford,* 136 Ala. 632; *Inglish v. Webb,* 117 Ala. 393. One claiming under a parol gift inter vivos has the burden of showing the gift where it rests in parol. This burden was not carried as the witnesses who attempted to prove it are disqualified by section 4007, Code 1907. The ouster must be of all. The possession must be exclusive.—*Scotch L. Co. v. Sage,* 132 Ala. 608. No acts on Willoughby's part in the user of the land have been shown that are inconsistent with the rights of the other heirs.—*Johns v. Johns,* 93 Ala. 239, and cases cited. The court cannot grant relief as

to matters or things not made an issue by the bill, answer or plea.—*Jaskson v. Elliott*, 100 Ala. 669.

MAYFIELD, J.—This is a bill to sell land for division among tenants in common. It was undisputed that T. W. Willoughby owned the lands in question during his lifetime. He is the common source of title; the complainants claiming through him by inheritance, and the respondents by gift. Nearly all the parties to the suit are children or descendants of the said Willoughby, deceased.

The prime contention of respondents is that T. W. Willoughby, Sr., gave the land in question to T. W. Willoughby, Jr., prior to the year 1874, in consideration that the latter would take care of Mrs. Willoughby, wife of the donor and mother of the donee, during her natural life. The respondent T. W. Willoughby, Jr., also insists that soon after the gift he entered into possession of the land, and has ever since continued to hold it adversely to the complainants, the donor, and all the world, and that such gift and adverse possession had ripened into a legal title before the filing of the bill.

On the other hand, it is insisted by the complainants that there was never any gift of these lands by the common ancestor, but that they were allotted to the widow of the alleged donor, who was the mother of the complainants and of the respondent; that she remained in possession of them during her life; that the possession of T. W. Willoughby, Jr., after the death of their father, was really the possession of the widow under her dower and quarantine right; that such possession was never adverse to the rights of any of these complainants, but was permissive, and therefore would never ripen into title as against the true owners, who were the tenants

in common with the party thus claiming possession. But for this alleged parol gift there would be no question that all the parties to this suit were tenants in common as to the land in question, after the death of T. W. Willoughby, Sr., who seems to have died intestate.

The evidence relied on to substantiate this parol gift, and the fact of adverse possession under it by T. W. Willoughby, Jr., is very conflicting. The burden of proof is upon him, of course, to establish this gift, and also the fact that he has held the land adversely, and under and by virtue of such gift, for the statutory period necessary to perfect his title. He introduced a great deal of testimony to show such gift, and adverse possession thereunder. On the other hand, there was a great deal of testimony on the part of the complainants and their witnesses tending to show that there was never any gift, and that the possession was in recognition of their joint title and tenancy in common with the respondent. In other words, the complainants' testimony tended to show that this possession was that of the widow of the alleged donor, that she held it under her dower and quarantine rights, and that after that the respondent held it as a tenant in common with the complainants; that his possesison, therefore, was that of the complainants, having never amounted to an ouster of the complainants; and that, if he ever claimed to own and possess the land adversely to the complainants, no notice of such claim was ever brought to their knowledge. These were all much disputed questions.

The whole of the evidence has been carefully considered, and we are not able to say that the chancellor erred in his conclusions or findings as to the facts in the case, but are inclined to the conclusions, reached by him, that the complainants have made good their claim as set forth in the bill, and that the land belongs

to the parties as tenants in common, and as set forth in the bill, that the respondent has failed to make good his claim as to the parol gift and adverse possession under it for the statutory period of 10 years, which would be required to perfect his title.

It is proper to say, in this connection, that there is in the transcript a great deal of testimony that cannot be considered on this appeal, for the reason that it relates to the conversations and transactions of a deceased person, whose estate is interested in the result of this suit, that such testimony was offered by witnesses who had a pecuniary interest in the result of the suit, and was directed against the party to whom their interests were opposed—all in clear violation of section 4007 of the Code. It was finally agreed between counsel of record that all legal objections as to evidence of the questions or answers would be assigned and considered on the hearing of the cause, as if the objections and exceptions had been taken at the time such evidence was introduced, and that either party should have the right to object to any evidence offered upon any grounds of illegality or incompetence.

On this ground we are unable to consider a great deal of the evidence offered by the respondent to prove the parol gift under which he claims. It is also insisted by the respondent that it was agreed between him and the other heirs of his father that he should retain possession of the land during his life, and that the complainants could not have this sale during the continuancy of his life estate, for that it would be in violation of such agreement. This agreement, however, is disputed by the complainants, and does not comport well with the other claim, made by him, that he had held the land for 30 years or more under a parol gift from his father.

A court of equity is not inclined to give ear to the

[Norworthy, et al. v. Willoughby, et al.]

condition of a party who asserts two claims to land, which are absolutely conflicting and inconsistent. One or the other must be false. But if any such agreement was ever made between the parties, respondent's testimony and that of his witnesses conclusively shows that he did not live up to it, that he had lulled complainants into inaction while obtaining their consent for him to hold possession during his life, on account of his physical and financial condition, and then had taken advantage of a seeming opportunity to deprive them of their interest in the lands, by claiming to hold the same adversely and under a parol gift from his father. To give effect to this agreement under the respondent's claim and theory would be to perpetrate a fraud upon the complainants, which, of course, a court of equity should not do.

It is also true, as found by the chancellor, that this last claim of the respondent was not set up in his answer, nor by any plea, and was therefore not made an issue, and that the court could not grant relief— or decline to grant it, for that matter—which was not made an issue by the bill, answer, or plea.

Finding in the record no error of which the appellants can complain, the decree of the chancellor must be affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.