[No. 8418.]

## McPHAIL v. SPORE.

ATTORNEY AND CLIENT—*Plaintiff's Right to Dismiss His Action.* The plaintiff is entitled to dismiss his action even though he has stipulated with his attorney that the latter shall receive, as his fee, a share of whatever is obtained by the litigation or the settlement thereof.

If the attorney is entitled to an action for the discontinuance of which he complains he is not to recover under the contract.

*Error to Denver District Court.* Hon. GREELEY W. WHITFORD, Judge.

Mr. DUNCAN McPHAIL, plaintiff in error, *pro se.*

Mr. H. A. CALVERT, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court.

The complaint alleges that the plaintiff (who is the plaintiff in error here) entered into a written contract with the defendant wherein it was provided that the plaintiff, as an attorney, was to bring for the defendant and prosecute to final termination, a suit for the purpose of setting aside a false deed alleged to have been made by defendant to his two sons, for one hundred sixty acres of land in Kansas, for which defendant agreed to pay him as his compensation twenty-five per cent of the value of the land, that is a one-fourth interest in it, provided, however, that the land or any portion of it be decreed or found to be owned by defendant, either by litigation or compromise; the defendant to advance the costs. It is then alleged that the land was worth $16,000.00 and that plaintiff, acting under the contract, filed a complaint in the Federal court at Wichita, Kansas; that while this suit was pending, the defendant compromised, and dismissed, or caused said action to be dismissed, without the knowledge or consent of plaintiff, who was thereby prevented from carrying out his part of said contract, although ready and willing to do so; that the defendant refused to pay his fees, as provided by the contract. The prayer is for judgment for one-fourth of the value of said property in the sum of $4,000.00 with costs, etc. The defendant's answer sets forth sundry defenses, including his inability at the age of seventy-four to transact business, and alleges fraud upon behalf of the plaintiff and others, in making him believe that he had a cause of action, etc., and in inducing him to enter into the contract, etc., his reliance thereon and other matters not necessary to mention. The testimony for plaintiff discloses that the contract was entered into as alleged; that the suit was instituted by the plaintiff and dismissed by the defendant; but it fails to show that defendant received anything upon account thereof, but to the con-

trary, when called under the statute, the defendant's testimony is that he came to the conclusion he had been deceived by the plaintiff and others, and that he had no cause of action against his sons, etc., for which reason he caused the suit to be dismissed, receiving nothing for so doing, etc.

The defendant's motion for a non-suit was sustained. We find no error in this respect. The compensation to be received under the contract was contingent upon a decree or settlement giving the land or a portion of it to the defendant. The proof does not sustain any other cause of action. No question of recovery on *quantum meruit* is urged. The defendant had the right to dismiss his suit. This point is not controverted. Besides, there is nothing in the contract which attempts to provide that he could not do so. We have not the means of ascertaining whether the plaintiff would have brought the suit to a successful issue, had it not been dismissed. There is no allegation in the complaint or any proof that he could or would have done so. The theory of counsel is, inasmuch as the defendant prevented him from having the opportunity of the chance to do so, he is entitled to recover under the contract, the entire contract price which was contingent. We cannot agree with this position. We are not saying that, from his viewpoint of the facts, he has not a cause of action against the defendant, upon his dismissal of the suit, thereby preventing him from carrying out the terms of the contract and ascertaining if he could not have secured the decree awarding the land to the defendant, but we cannot agree that for this reason he is entitled to recover this fee under the contract.

A similar contract was involved in *Western Union Telegraph Co. v. Semmes and Clark*, 73 Md. 9, 20 Atl. 127, 128, wherein, at page 19, the court said:

"Nor have we the means of ascertaining whether the plaintiffs would have brought the suit to a successful issue, if it had not been settled. That could be shown with legal certainty only by the judgment of the tribunal charged with the decision of the case."

Other cases, which, in principle, sustain our conclusion are: *Eno v. Sage et al.,* 83 Misc. Rep. 389, 144 N. Y. Supp. 1062; *In the Matter of Snyder,* 190 N. Y. 66, 82 N. E. 742, 14 L. R. A. (N. S.) 1101, 123 Am. St. Rep. 533, 13 Ann. Cas. 441; *Carey v. Gnant,* 59 Barb. (N. Y.) 574; *French v. Cunningham et al.,* 149 Ind. 632, 49 N. E. 797; *Joseph's Adm'r v. Lapp's Adm'r* (Ky.), 78 S. W. 1119; *Pratt v. Kerns,* 123 Ill. App. 86; *King v. Gildersleeve,* 79 Cal. 504, 21 Pac. 961; *Howard v. Ward,* 31 S. D. 114, 139 N. W. 771; *Walsh v. Shumway,* 65 Ill. 471.

The judgment is affirmed.

*Affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE TELLER concur.

Decided July 3, A. D. 1916. Rehearing denied January 2, A. D. 1917.

