(75 South, 338)

SAWYER et al. v. EDWARDS et al.
(4 Div. 665.)

(Supreme Court of Alabama. April 19, 1917.)

EQUITY ⬤➙419 — DECREE — SETTING ASIDE —TIME—"FINAL DECREE."

Where, on their bill to prevent foreclosure of a mortgage and to redeem, complainants had a decree pro confesso before the register, and later the cause was submitted to the chancellor for decree, under Code 1907, § 3164, as amended by Acts 1915, p. 606, whereupon a decree was rendered declaring complainants' right to redeem and ordering a reference for the ascertainment of any balance due on the mortgage, there was no final decree within Acts 1915, p. 135, providing that the chancery court shall not have the power to open or set aside any final decree after the lapse of 30 days from the date of its rendition, since, so long as the ultimate relief remains in the keeping of the court, it may recast its interlocutory decrees.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 972–985.

For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Appeal from Chancery Court, Coffee County; O. S. Lewis, Chancellor.

Bill by Jeff and Roxie Edwards against J. P. Sawyer, the Brockton Mercantile Company, and the First National Bank of New Brockton to enjoin foreclosure of a mortgage, for an accounting, and to redeem. From a decree denying the right to let respondents in to defend and to show settlement made, respondents appeal. Reversed and remanded.

W. W. Sanders, of Elba, and H. L. Martin, of Ozark, for appellants. J. A. Carnley, of Enterprise, for appellees.

SAYRE, J. On their bill filed to prevent the foreclosure of a mortgage and to redeem appellees had a decree pro confesso before the register. Afterwards the cause was submitted to the chancellor for decree under section 3164 of the Code as amended by the act of September 17, 1915 (Acts 1915, p. 606); whereupon a decree was rendered declaring appellees' right to redeem and ordering a reference for the ascertainment of any balance due on the mortgage. Within 30 days after the last decree appellants filed their petition or motion, showing to the court that the cause had been settled between the parties prior to the several decrees mentioned above, and praying that said decrees

be set aside to the end that appellants might be let in to defend by showing the settlement aforesaid. This petition was acted upon by the chancellor some months later, at which time it was denied on the ground that the court had no jurisdiction by reason of the act of March 17, 1915 (Acts 1915, p. 135), which reads as follows:

"The chancery court shall always be open for the transaction of any business therein, but the court shall not have the power to open, or set aside any final decree after the lapse of thirty days from the date of its rendition."

It is not made to appear when the petition was submitted to the chancellor for decree, and it can hardly be supposed, if it were submitted within any time allowed by law, that jurisdiction could be avoided to the hurt of petitioners or movants by a simple refusal to exercise it; but, aside from that, a quotation from the opinion of the court in Ex parte Elyton Land Co., 104 Ala. 88, 15 South. 939, will shed light upon the difficulty the chancellor found in the case at bar:

"Taken in a strict, technical sense, the final decree of a court of chancery is the sentence of the court, finally and conclusively determining all the matters in controversy, disposing entirely of the cause, leaving nothing further for the court to do. Such is not the meaning of the term 'final decree,' as it is employed in the statute [of appeals]. The test of the finality of a decree to support an appeal is not whether the cause remains in fieri, in some respects, in the court of chancery, awaiting further proceedings, necessary to entitle the parties to the full measure of the rights it has been declared they have, but whether the decree which has been rendered ascertains and declares these rights. If these are ascertained and adjudged, the decree is final and will support an appeal."

In the present case, so far as concerned any ultimate relief to which the original complainants may have been entitled, the cause was and is yet in fieri. A further decree must be rendered before they can realize the benefits of the decree already rendered. It would be a curious and serious reflection upon the law and rules of the equity court if, in the face of a clear showing that the demands of the complainants had been satisfied, the court should find it necessary nevertheless to make a further decree for their benefit. So long as the ultimate relief remains in the keeping of the court, it has always been the rule that the court might recast its interlocutory decrees—that is, decrees not final within the meaning of the definition of a final decree first stated in the exerpt from Ex parte Elyton Land Co., supra—to meet the plain requirements of justice. It is not to be supposed that the Legislature intended to introduce any different rule into the law of this state. In assimilating the decrees of the court of chancery to the judgments of the law courts, which latter in our law courts are put beyond the power of the court after 30 days, every consideration of justice and convenience points to the conclusion that the Legis-

lature was dealing with decrees. that are final in the sense that they finally and conclusively determine all matters in controversy, disposing entirely of the cause, leaving nothing further for the court to do. The chancellor erred in supposing that the act of March 17, 1915, intended to deal with decrees that are final merely within the meaning of the statute of appeals. The court had jurisdiction to pass upon the motion.

We may note the fact, which appears to have been neglected heretofore in this cause, that neither of the decrees rendered against defendants, as they appear in the transcript of the record, shows that there was an ascertainment by proof that the person served as for the defendant bank was the officer or agent of the bank (Roman v. Morgan, 162 Ala. 133, 50 South. 273), nor did the sheriff's return show that the person served was the agent of the bank as provided by the act of September 17, 1915 (Acts 1915, p. 607), amending section 5303 of the Code.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.