(121 So. 415)

## JACKSON REALTY CO., Inc., v. YEATMAN.
### (6 Div. 246.)

Supreme Court of Alabama. Jan. 24, 1929.

4

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellee.

BROWN, J. This bill is filed by the appellee against appellant, a corporation, to enforce the specific performance of a contract to convey lot 2 in block 29, and lot 1 in block 34, Clifton Land Company's survey, in Jefferson county, Alabama, alleged to have been entered into between the complainant and the defendant on January 6, 1927, for a recited consideration of $950, $50 of which was paid in cash, and the balance to be paid in cash "on delivery of a satisfactory deed to purchaser. * * * Conveyance to be made by warranty deed, * * * subject to

all existing restrictions, easements and leases, if any."

Though the certificate of the register appended to the transcript is to the effect "that the foregoing pages, numbered from one (1) to nineteen (19) inclusive, contain a true and complete transcript of the record and proceedings in said cause," the summons to the defendant, if such was issued, and the sheriff's return thereon, are not incorporated in the record.

On August 22, 1928, a decree pro confesso was entered by the register, reciting that "in this cause, it being made to appear to the register that a summons requiring the defendant, Jackson Realty Company, Inc., a corporation, to appear and plead to, or answer, the bill of complaint in this cause, within thirty days from the service of said summons upon it, was served upon it, by the proper officer, on the 21st day of July, 1928, and the said defendant having failed to plead, answer or demur to the said bill to the date hereof, it is now, therefore, on motion of the complainant, ordered and decreed that the said bill of complaint in this cause be, and the same hereby is, in all things taken as confessed against the said Jackson Realty Company, Inc., a corporation, defendant aforesaid."

On submission for final decree on the bill and the decree pro confesso, the court on August 29, 1928, entered a decree to the effect "that upon the payment into the registry of this court by the complainant of the sum of nine hundred ($900.00) dollars, within fifteen days from this date, that all rights, title and interest held and owned on January 6, 1927, and now held and owned by the respondent, Jackson Realty Company, Inc.," in and to the property described in the bill, "be divested out of the said Jackson Realty Company, Inc., and vested in the said John T. Yeatman, as agent," and further decreed "that the said Jackson Realty Company, Inc., shall within fifteen days thereafter [the payment of the money into the registry of the court] execute and deliver to the complainant, John T. Yeatman, as agent, a deed conveying all of the right, title and interest" in and to the property, "and upon its failure to do so the register of this court is ordered and directed to forthwith execute and deliver to the complainant, * * * a deed conveying to said complainant all the right, title and interest of the respondent" in and to the property.

There is an absence of averment in the bill as to the nature and extent of the respondent's title, further than what may be assumed from the fact that respondent contracted to convey a good and merchantable title by warranty deed. Prince v. Bates, 19 Ala. 105; Tebeau v. Ridge et al., 261 Mo. 547, 170 S. W. 871, L. R. A. 1915C, 367. The decree of August 29th conforms to the averments of the bill and the special prayer for relief, that the respondent "be divested of all right, title and interest to said property, and that the title and interest of the said" respondent "be vested in complainant as and for a specific performance of said contract."

On the 12th of September, 1928, the respondent filed with the register a motion for a rehearing on the ground, among others, that the summons was not served on an officer or agent of the corporation authorized to receive service, but was left by the officer with a mere clerk in respondent's office, and was not brought to the notice of the defendant's officers until after the final decree was entered. So far as the record shows, this motion was not called to the court's attention, and no cognizance was taken of it by the court.

On September 21, 1928, the complainant filed a motion to amend the decree of August 29th, nunc pro tunc, and in response to this motion, the court on September 24, 1928, without notice to the respondent, "canceled and set aside" the former decree, and, without requiring notice to be given to the defendant, ordered the register to hold a reference to determine "whether or not the respondent was, on the 6th day of January, 1927, and is now, vested with such title to the said real estate as the respondent was obligated in and by its said contract, here specifically performed, to convey to complainant, namely, a fee-simple title, to be conveyed by warranty deed, except that it be subject to all existing restrictions, easements and/or leases, if any," and further ordered: "If the register determines that the respondent was so vested, and that the register's said deed, in conveying the respondent's right, title and interest in and to said property, conveyed such title to the complainant as the respondent was bound by its contract to convey, then the register shall deliver said deed to complainant and shall forthwith pay to respondent said sum of $900 paid into the registry of the court by the complainant, less the costs of court as hereinafter provided. If the register on such reference shall determine that there exists against said property any liens or incumbrances which it would have been the duty of the respondent to remove, in order to have conveyed a good and merchantable title to said property to the complainant, as required by said contract herein specifically enforced, then the register shall report his findings to the court and upon confirmation thereof the register shall forthwith proceed to pay, discharge and have removed the said liens and/or incumbrances, using the said $900, or as much thereof as shall be necessary so to do, and, said liens incumbrances having been removed, will deliver his said deed to the complainant and pay to the respondent so much of the said sum of $900 as shall remain in his hands after the payment of court costs as herein provided. In the event the register shall find

that there exists such liens and/or incumbrances against said property as cannot be removed, or the removal of which requires the expenditure of a sum in excess of $900, the register shall forthwith return to the complainant his said $900, and this cause shall stand dismissed at the cost of the respondent."

On September 27, 1928, the respondent amended its motion for rehearing, adopting the original, and adding grounds, among others, that the relief granted by the last decree was not within the issue presented by the bill. This motion appears to have been called to the attention of the court and was set for hearing on October 20, 1928, notice to be given to the satisfaction of the complainant, but so far as appears no ruling was invoked or made thereon.

The decree of September 24, 1928, is in no sense an amendment, nunc pro tunc, of the former decree. The court, by the last decree, in terms "canceled and set aside" the decree of September 29th, and substituted the decree of September 24th therefor.

■ Though the first decree purported to settle all of the equities presented by the averments of the bill, leaving nothing open for future consideration, 30 days not having elapsed from its rendition, the matter was within the keeping and power of the court to set aside and vacate the final decree, and enter another decree granting relief within the issues presented by the bill. Sawyer et al. v. Edwards et al., 200 Ala. 26, 75 So. 338.

■ We are of opinion, however, that the court committed error in setting aside the decree of August 29th, and entering the substituted decree, without notice to the respondent, after it had appeared and moved for a rehearing.

■ It is the settled rule of our decisions, that "bills in chancery must set forth, not the evidence, but every material averment of fact necessary to complainant's right of recovery. So complete must be the averments of fact that, on demurrer, or decree pro cónfesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. Relief can only be granted on allegations and proof; and the latter will never be allowed to supply omissions or defects in the former. Allegations, *admitted* or proved, are the only premises which will uphold a chancery decree." McDonald v. Mobile Life Ins. Co., 56 Ala. 468; Westbrook v. Hayes, 137 Ala. 572, 34 So. 622. And a decree pro confesso is not an admission of the equity of the bill; it only admits facts that are well pleaded, and does not aid or supplement defective averments, nor does it preclude the defendant from appearing and contesting the equity of the bill, or from the right to appear on reference before the register. To use the language of the authorities: "He is still invested with the authority to show himself an active and troublesome litigant in this limited field of operation." Mobile Savings Bank v. McDonnell, 87 Ala. 736, 6 So. 703; Madden v. Floyd, 69 Ala. 222; Johnson v. Kelly et al., 80 Ala. 135; McDonald v. Mobile Life Ins. Co., supra.

■ Where a purchaser has contracted for a good merchantable title, and invokes the aid of a court of equity to compel specific performance, there are authorities sustaining the practice of granting a reference to inquire as to the defendant's title, and as to incumbrances thereon, on appropriate averments proved or confessed, if this right has not been waived by the complainant. Fry's Spec. Perf. (5th Ed.) pp. 645–673; Pom. Spec. Perf. (3d Ed.) § 452, and note, p. 930. Or, in a proper case, he may have a decree divesting such title as the defendant has out of the defendant, and investing it in himself, with damages by way of abatement of the purchase money for deficiencies in the quality or quantity of the estate. Pom. Spec. Perf. (3d Ed.) § 438; Weatherford v. James, 2 Ala. 170; Bass v. Gilliland, 5 Ala. 761; McCreary v. Stallworth et al., 212 Ala. 238, 102 So. 52.

■ But where, as here, there is an absence of averments in the bill as to incumbrances or defects in the title, and the bill proceeds on the assumption that the defendant has such title as the defendant contracted to convey, the only decree that the averments will sustain is one divesting the defendant of the title and investing the title in the complainant, and such decree "operates as a deed," and the statute authorizes the recordation of the decree as a muniment of title. Code of 1923, § 6850; Bogan v. Daughdrill, 51 Ala. 312; Homan v. Stewart, 103 Ala. 644, 16 So. 35; King v. Gildersleeve, 79 Cal. 504, 21 P. 961; Rice v. Bush, 16 Colo. 484, 27 P. 720; Christiansen v. Aldrich, 30 Mont. 446, 76 P. 1007.

■■ These averments, taken as confessed by the decree pro confesso, are insufficient to authorize a decree of reference to the register, directing him to investigate the title and determine the existence of defects or incumbrances, matters not within the issues presented by the pleadings, without notice to the defendant.

■ There is another question presented on the record, which necessitates a reversal of the decree. When the suit is against a corporation, the statute authorizes the execution of the summons by the delivery of a copy of the summons to the president, or other head thereof, secretary, cashier, station agent, or any other agent thereof, and provides that "the return of the officer executing the summons *that the person to whom delivered is the agent of the corporation, shall be prima facie evidence of such fact,* and authorizes judgment by default or otherwise, without further proof of such agency, and this fact need not be recited in the judgment entry."

In the absence of a return, by the officer executing the process, that the person to whom the summons was delivered is an agent of the corporation, as required by statute, to sustain a judgment by default or decree pro confesso, the record must show that "there was an ascertainment by proof that the person served as for the defendant" was the officer or agent of the defendant upon whom service could be made. Sawyer et al. v. Edwards et al., 200 Ala. 26, 75 So. 338. A mere recital in the decree pro confesso that it was made known or made to appear to the register that the defendant was served, or that the person served was an agent of the corporation, is insufficient to sustain the decree pro confesso on direct attack by appeal. Boyett et al. v. Frankfort Chair Co., 152 Ala. 317, 44 So. 546; Palatine Ins. Co. v. Hill, Ex parte Palatine Ins. Co., post, p. 123, 121 So. 412.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.