31620. DORSEY *v.* EDGE *et al.*

DECIDED JUNE 27, 1947. REHEARING DENIED JULY 11, 1947.

390

*Harbin M. King,* for plaintiff in error.

*John D. Edge, J. A. Gregory,* and *James Maddox,* contra.

FELTON, J.  The defendant in error's motion to dismiss the bill of exceptions is without merit on both grounds:

(a)  While the brief of evidence contained some surplusage, including questions and answers and several colloquies of counsel, there was no such flagrant disregard of the statute as to require a dismissal of the bill of exceptions.  *Cotton* v. *Cotton,* 136 *Ga.* 138 (70 S. E. 1015).

(b)  Part 7 of the Rules of Practice and Procedure for Appeal or Review (Ga. L. 1946, p. 726) states: "That there be adopted,

prescribed, and enacted, to become a part of Chapter 6 of the Code of 1933 the following: 'In cases where the defendant in error named in a bill of exceptions is represented .by an attorney at law or appears in propria persona, the judge, before certifying the bill of exceptions, shall require reasonable notice to such attorney or such party and afford him an opportunity to be heard on the question of whether or not the bill of exceptions as tendered is correct and complete. If an attorney of record for a defendant in error, or such party, in writing waives this privilege or in writing approves the bill of exceptions as correct and complete as to the averments of fact therein this requirement shall be deemed waived. Such waiver shall be attached to the bill of exceptions as an exhibit thereto.'" However, the last sentence of Part 12 (Code, § 6-909; Ga. L. 1946, p. 726) states: "The action or non-action of the trial judge as to requiring notice under this section and Part 7 of this report, which is to be added to the Code as a new section, shall not be reviewable." While we think that it would have been conducive of less confusion had this sentence been actually integrated as a part of Part 7, it is clearly apparent from the terms of the two sections that the trial judge's failure to give the notice required in Part 7 is not a subject for review by this court.

We need not concern ourselves here with count 2 of the petition, as it appears; indeed, counsel for the plaintiffs so state in their brief, that this count of the petition was specifically abandoned. Although counsel for the plaintiffs requested a directed verdict in these words: "Your Honor, please, we ask for a directed verdict. I believe it is on the second count in the petition," which count was based on a quantum meruit, the entire request, which appears in the statement of facts preceding this opinion, clearly shows that count 1, which was based on the breach of contract, was intended.

The plaintiffs alleged in count 1 that they had entered into an oral contract with the defendant, under the terms of which they, as attorneys at law, were to prosecute a certain action for the defendant against Echota Cotton Mills Incorporated for breach of contract, for which service they were to receive fifty percent of the amount which the defendant might recover in that suit; and that the defendant had breached this contract of employment. On the

trial, the defendant admitted entering into an agreement with the plaintiffs, but insisted that, instead of fifty percent he had agreed that the plaintiffs should have only one-third of the amount which he might recover against Echota Cotton Mills. Counsel for the plaintiffs thereafter agreed that the defendant was correct in this regard, and that the plaintiffs were to receive only one-third. The evidence further revealed that the plaintiffs instituted suit against Echota Cotton Mills Incorporated, on March 26, 1945, in the Superior Court of Gordon County, and the defendant admitted that, with knowledge of the time when the case was to be tried, he of his own volition failed and refused to appear on the day the case was set for trial. As the plaintiffs testified, the case was dismissed for lack of prosecution, since they could not proceed to trial in the defendant's absence as he was his main witness. The defendant's action in refusing to appear at the trial amounted to a virtual dismissal of the attorneys. A client may discharge his attorney for any reason, however arbitrary, dismiss the suit, or settle the case to his own satisfaction, and his action in doing so is not a breach of the contract of employment but the exercise of his right. *White* v. *Aiken,* 197 *Ga.* 29 (28 S. E. 2d, 263) ; Marquam *v.* Vachon, 7 Fed. (2d) 607; McPhail *v.* Spore, 62 Colo. 307 (162 Pac. 151), and cit. The client's action in dismissing a suit or settling his claim does not, however, defeat the attorney's claim to compensation for his services, or as was suggested in *White* v. *Aiken,* supra, where the fee is contingent, the attorney is not precluded from proceeding to judgment in a suit, over the client's objection, in order to establish the right of his client to recover in order that the attorney may recover his fee. Such action on the attorney's part, in the latter instance, is not, however, a recovery from the client for breach of contract, but is a recovery of reasonable fees in the nature of a quantum meruit, or an enforcement of his attorney's lien. The plaintiffs proceeded in this case on the theory of a breach of contract. While the defendant admitted entering into the agreement and admitted his refusal to appear in court on the day the case was called for trial, he does not admit anything which constitutes a breach of the contract, and the evidence can not, under any view, be held to support the allegation of the special contract of employment. The fee agreed upon was conditioned upon recovery against Echota Cotton Mills

and collection or execution on the judgment, and until the happening of these contingencies the plaintiffs could not sue under the special contract. *Byrd* v. *Clark,* 170 *Ga.* 669 (153 S. E. 737). While it may be that there is sufficient evidence to support an action for damages incurred by the plaintiffs in connection with the bringing of the suit against Echota Cotton Mills; or sufficient evidence to support an action on a quantum meruit, the plaintiffs did not bring their action on either of these theories, under the facts of this case; nor, had they proceeded on the quantum meruit theory, could the court in this case have properly directed a verdict on that count. The question of reasonable value of services rendered is for the determination of the jury where there has been no admission or agreement by the opposite party that the amount sued for is reasonable. There was no evidence in the record that the defendant had received anything from Echota Cotton Mills by settling the claim.

The plaintiffs failed to prove their case as laid, and the court erred in directing a verdict in their favor and in overruling the motion for a new trial.

*Judgment reversed. Parker, J., concurs. Sutton, C. J., concurs specially.*

SUTTON, C. J., concurring specially. I concur in the judgment of reversal, but not in all that is said in the opinion with reference to the holding in *White* v. *Aiken,* 197 *Ga.* 29 (supra).