41 So.2d 588

**BAIN v. HOWELL et al.**

**8 Div. 485.**

Supreme Court of Alabama.

June 23, 1949.

W. C. Rayburn, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellees.

STAKELY, Justice.

The original bill in this case was filed by some of the children and heirs at law of Charles Beard, deceased, seeking to exercise the equity of redemption in respect to a mortgage made by Charles Beard to O. D. Street and claimed by appellant as executor of the last will and testament of W. N. Bain, deceased, to have been acquired by W. N. Bain as assignee in his lifetime. The bill makes the widow Harriet Beard and all the others heirs at law of Charles Beard parties respondent. A mortgage executed by Harriet Beard to one McCormick and assigned by him to W. N. Bain is also involved. We find it unnecessary to make a further statement respecting the allegations of the original bill and the cross bill because these allegations are fully discussed in the opinion on the first appeal in this case which is reported in Bain v. Howell et al., 247 Ala. 514, 25 So.2d 167, 169. This court pointed out in the foregoing opinion that "The original bill and cross-bill set up proper machinery by which all their rights and equities may be decreed." The present appeal is from a final decree in the case and as stated by the court in its final decree, "the formula for redemption was clearly stated in said opinion and the court now has only the problem of applying the formula to the facts in a decree." Reference is made to the decision on the first appeal for a full understanding of the present opinion of the court.

The court found that the cross complainant Harriet Beard is entitled to redeem the property described in the original bill from the estate of W. N. Bain upon payment into court of the amount due on the mortgage to O. D. Street and the amount due on the mortgage to John McCormick, less the reasonable and fair rental value of the premises. At the time the testimony in the case was taken Street, McCormick and Bain were all dead. No record of rents received by the mortgagees was kept and so because proof could not be satisfactorily made on the amount of rents collected by the mortgagees, the court held that the reasonable rental as to value of the land should be charged against them. We shall make further reference to this phase of the case later in this opinion. On May 29, 1948, the court ordered a reference before the register and asked for a report on the following matters.

"1. What, if anything, is now due on the O. D. Street mortgage.

2. What, if anything, is now due on the John McCormick mortgage.

3. What was the fair and reasonable rental value of the described premises during the period from June 4, 1940, to August 30, 1945.

4. The amount of taxes, if any, paid by Bain and McCormick on said property.

5. What necessary improvements, if any, the mortgagee is entitled to have credit for.

6. After allowing all credits and charges to which the mortgagee is legally entitled, the balance due and necessary to redeem the mortgaged premises.

7. The pro rata share of the heirs of Charlie Beard necessary to effect a redemption from the widow."

On June 10, 1948, the court entered an order modifying the foregoing order by striking therefrom the holding that the

rents are to be calculated to August 30, 1945, by making direction 3 to the register read as follows: "3. What is the fair and reasonable rental value of the described premises since June 4, 1940", and by also striking therefrom direction 5 to the register. The register conducted a reference pursuant to the aforesaid decree, as modified, and found and reported the following:

"That the total paid out by Mr. McCormick including 207.16 paid to satisfy the Street mortgage was $405.00, shown by the mortgage of Harriet Beard to John L. McCormick for $405.00 dated June 4th, 1940 and the interest is $196.42 making a total of $601.42, with interest thereafter at $2.02 per month. Due on the John L. McCormick mortgage.

"I find and report to your Honor that after considering all of the testimony in this case that a fair and reasonable rental value for the lands as to rental for the farm in question that a reasonable rent to be paid would be $100.00 per year and for eight years at $100.00 per year would be $800.00, the taxes paid by W. N. Bain and Mr. McCormick on the property I find to be $157.-50, making a total of $758.92.

"I further find that the rents due on the place at one hundred Dollars per year for eight years would be $800.00, and I find and further report that W. N. Bain estate is due $41.08."

The foregoing report was filed on August 10, 1948. In a supplemental report the register also found the following:

"The undersigned Register makes this supplemental to his report filed August 10, 1948, to cover matters omitted therefrom.

"I find that Harriet Beard owns ⅔ of the title and the other ⅝ are owned by (1) the four children of Andrew Beard deceased (2) Lucinda Sandridge (3) Sally Sotherland (4) Mary Taylor (5) Helen McCoy, and that these parties therefore owe Harriet Beard ⅝ of $758.92, which is $542.08, and the share of each would be:

| "Willie C. Beard | $ 27.10 |
| Annie Beard Howell | 27.10 |
| Kittie Beard Lee | 27.10 |
| Joe Beard | 27.10 |
| Lucinda Sandridge | 108.42 |
| Sally Southerland | 108.42 |
| Mary Taylor | 108.42 |
| Helen McCoy | 108.42 |
| Total | $542.08." |

Exceptions to the foregoing report and the supplement thereto were filed by the complainants, cross-complainant Harriet Beard and the respondent Mrs. W. N. Bain, as executrix of the estate of W. N. Bain, deceased. On August 21, 1948, the court entered a decree confirming "the report of the register as amended and supplemented" and overruling all exceptions thereto. We understand that the appeal here is from the last mentioned decree.

It is contended by the appellant that there was a foreclosure of the mortgages held by W. N. Bain on August 30, 1945, and therefore that from that date he should not be charged with rents. See Pridgen v. Elson, 242 Ala. 230, 5 So.2d 477. An instrument which is claimed to be a foreclosure deed dated August 30, 1945, was offered in evidence without explanation so far as we can find. The pleadings in the case, however, fail to show any such foreclosure. The answer and cross-bill of W. N. Bain both expressly allege that as assignee of the mortgages on June 4, 1940, he took possession of the lands and agreed to credit the rent and that he has remained continuously in possession since that time. It is an established rule that the relief afforded by the decree must conform to the case made by the pleadings as well as the proof. Norsworthy et al. v. Willoughby et al., 176 Ala. 145, 57 So. 717; Jackson Realty Co. v. Yeatman, 219 Ala. 3, 121 So. 415. When a mortgagee has acquired and retained possession under an unforeclosed mortgage, he must accord and give credit for rents during the period of his occupation. Williams v. Noland, 205 Ala. 63, 87 So. 818; Coon v. Henderson, 242 Ala. 144, 5 So.2d 397.

It is argued that the estate of W. N. Bain, deceased, should receive credit for necessary improvements. We point out again that the issues made by the pleadings do not admit of credit for necessary improvements. As assignee of the mortgages

rightfully in possession without foreclosure, the executrix of the estate of W. N. Bain, deceased, is not entitled to credit for necessary improvements as distinguished from repairs. American Freehold Land Mortgage Co. of London, Ltd., v. Pollard, 132 Ala. 155, 32 So. 630; Coon v. Henderson, supra.

As to the findings of fact by the Register which the court upheld, we think they should not be disturbed. This statement includes the finding as to the reasonable rental value of the lands to which Harriet Beard objects. The witnesses testified orally before the Register and accordingly his findings are attended with a presumption of correctness. Williams v. Norton, 139 Ala. 402, 36 So. 11.

We think the decree of the lower court should be affirmed.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.