125 So.2d 515

**Ruby JOHNSON**

v.

**Allene TIDMORE et al.**

6 Div. 496.

Supreme Court of Alabama.

Dec. 22, 1960.

Johnson & Randall, Oneonta, for appellant.

J. E. Bains, Oneonta, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from the Circuit Court of Blount County, Alabama, in Equity, from a decree rendered by the court on August 28, 1959, and filed on September 8, 1959.

The appellant, Ruby Johnson, filed her bill of complaint against the appellees on June 20, 1959. The bill of complaint prayed for: (1) the removal of the administration of the estate of Bessie Carnes Jones, deceased mother of appellant, from the Probate Court of Blount County to the Circuit Court of Blount County, Alabama, in Equity, (2) for the sale of the land for division, and (3) for an injunction restraining the respondent, Thomas Horace Jones, from selling the land in suit pending this case. The bill further avers that the respondent, Thomas Horace Jones, is the sole executor of the Last Will and Testament of the said Bessie Carnes Jones, deceased, and that under the terms of said Will, the said executor was given full power and authority to dispose of said land at private sale, which is owned jointly by the parties to this case.

On July 3, 1959, the circuit court made and entered an order removing the administration of the said estate from the Probate Court of Blount County to the Circuit Court, in Equity. The said court, in said decree, also restrained and enjoined the respondent, Thomas Horace Jones, from selling or attempting to sell said land pending this case.

On August 20, 1959, respondent filed a petition praying that the restraining order of July 3, 1959 be set aside and held for naught, showing that the Will had been probated without contest and that the executor had given bond.

On August 24, 1959, the respondent filed an answer denying the averment that said land could not be equitably divided without a sale.

No evidence was taken in the case, and the court rendered a decree on August 28, 1959, which was filed on September 8, 1959. The decree set aside and held for naught the decree theretofore rendered by the court on July 3, 1958.

The court, in its decree setting aside the said restraining order of July 3, 1959, declared as follows:

"The Court realizes that the land, the subject matter of the suit, ordinarily should be kept under the control of the court until final disposition thereof under proper orders of the Court. The Court also realizes that a will, especially a legal, uncontested will, should be upheld, and given full force and effect, wherever possible.

"It appears to the Court that two rules of policy conflict herein, for if the restraining order is removed, the land may be sold before the Court can order it sold, and, on the other hand, if the restraining order is not removed, part of the will in question is effectively nullified and cancelled.

"There are apparently no decisions by the Alabama Supreme Court or Court of Appeals on the direct point involved.

"The Court notes that seven of the eight heirs are apparently satisfied to allow the Executor to proceed. While conceding that this has no bearing on the legal rights of the Complainant, it does suggest the untenable position of the Complainant in contending that one heir, by merely filing a bill of division, or sale for division, can effectively stop proceedings under a will. Such a holding would destroy confidence in wills. The right of an owner to dispose of property as he or she wishes is a valuable right."

It is from this decree that this appeal is taken and the petition for writ of mandamus in the alternative filed.

◼ Appellant is uncertain as to whether an appeal will lie from the decree rendered by the circuit court, and because of this uncertainty has filed a petition in this court for an alternative writ of mandamus to review and revise said decree.

■ An appeal will lie from the decree rendered. Title 7, Sec. 757, Code of Alabama 1940. Under well-known rules, mandamus will not be awarded to correct a decree reviewable by appeal. Ex parte Moore, 231 Ala. 209, 164 So. 210; Ex parte Taylor, 236 Ala. 219, 181 So. 760; Ex parte Jones, 246 Ala. 433, 20 So.2d 859; Van v. Parker, 266 Ala. 190, 94 So.2d 752.

The alternative writ of mandamus, therefore, should be, and is denied.

In determining the question presented by the appeal, we apply the rule as set out in Slay v. Hess, 252 Ala. 455, 41 So.2d 582, 584, where the court said:

"In passing on the application for the issuance of an injunction pendente lite, the trial court is invested with a wide judicial discretion and has the right to consider and weigh the relative degree of injury or benefit to the respective parties, and where such discretion is not abused the order of the circuit court will not be disturbed. Jones et al. v. Jefferson County et al., 203 Ala. 137, 82 So. 167; Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516; Boatwright et al. v. Town of Leighton et al., 231 Ala. 607, 166 So. 418."

See also Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269; Bain v. Howell, 252 Ala. 458, 41 So.2d 588; Corte v. State, 259 Ala. 536, 67 So.2d 782; Pruett v. Las Vegas, Inc., 261 Ala. 557, 74 So.2d 807; Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2 539.

■ We do not think the trial court abused its discretion in setting aside and holding for naught the decree of July 3, 1959, in which the respondent was enjoined from selling the land pending this case, and it follows that the decree should be affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.