172 So.2d 379

**AGM DRUG COMPANY OF ALABAMA**

v.

**Harold R. DOBBS.**

**3 Div. 144.**

Supreme Court of Alabama.

Feb. 25, 1965.

**494**

Jones, Murray & Stewart, Montgomery, for appellant.

. Lucio L. Russo, Atlanta, Ga., for appellee.

vd by.

to re..

MERRILL, Justice.

The sole question presented on this appeal is whether the trial court erred in allowing the appellee two and one-half months' salary in the final decree rendered in this cause on January 23, 1964.

. Complainant, AGM Drug Company of Alabama, a corporation, alleged in its bill of complaint that appellee, Harold R. Dobbs, had been president and general manager of the corporation until November 3, 1963, when he was discharged by the Board of Directors; that since his discharge, the said Harold R. Dobbs had continued periodically to exercise the powers and duties of the president of the corporation, to harass the present management of the said corporation, and that, if such actions were continued, irreparable injury would result. The prayer sought a temporary restraining order and permanent injunction enjoining the appellee from interfering with the business of the appellant in any way and damages to the extent of $5,000 to compensate appellant for damages done it by appellee.

The answer admitted the jurisdictional allegations, denied all other allegations in the bill, and alleged that appellee was still president of the corporation but contained no prayer for a monetary award.

The cause came on to be heard on December 3, 1963, and after taking some testimony, the hearing was continued until December 11 when it was resumed. At the conclusion of the hearing on December 12, the cause was submitted and the decree was rendered on January 23, 1964. The court decreed that appellee had been validly discharged as president of the corporation; he was enjoined from interfering with appellant's business; and was awarded a sum equal to two and one-half months' salary, to wit: $2,125.

Although appellant's appeal is from the decree, it makes plain that it disagrees only with that part of the decree awarding salary in the sum of $2,125.

Appellant contends that there is no basis for the award of salary either in the pleadings or in the proof. We are constrained to agree.

Relief in equity can only be granted on allegations and proof; and the latter will never be allowed to supply defects or omissions in the former. Allegations, admitted or proved, are the only premises which will uphold a chancery decree. McDonald v. Mobile Life Ins. Co., 56 Ala. 468; Jackson Realty Co. v. Yeatman, 219 Ala. 3, 121 So. 415; Majors v. Killian, 230 Ala. 531, 162 So. 289; Stephens v. Pleasant Hill Baptist Church, 264 Ala. 394, 88 So.2d 570. The same principle is also stated as: "Relief afforded by a decree must conform to the case made by the pleadings as well as the proof." Goodman v. McMillan, 258 Ala. 125, 61 So.2d 55; Bain v. Howell, 252 Ala. 458, 41 So.2d 588.

There is no claim of any kind made for salary in the pleadings. The only mention of salary in the pleadings was in connec-

tion with the allegation in paragraph 4 of the bill that Dobbs still claimed to be president of the corporation and "is claiming salary and expenses and charging items to the corporation." There was no claim for salary in the answer, and the answer specifically denied the allegations of paragraph 4 of the bill.

The proof showed that Dobbs was claiming salary and expenses after the date of his dismissal, but on the ground that he had not been legally discharged and was still president of the corporation; and also that the Directors had offered him an extra month's pay if he would resign, but it is undisputed that he did not resign.

Under questioning by the court, Dobbs admitted receiving a paycheck for his duties as president up to November 15, 1963. Since the trial court found that he had been lawfully discharged effective November 4, 1963, he was actually paid for services he did not render; and there is no proof of any claim of salary for any time that Dobbs was not president of the corporation.

It cannot be argued that the relief could have been granted under a general prayer of the bill, because the bill in this case contained no general prayer.

It follows that the award of additional salary to appellee was not sustained by either pleadings or proof and that part of the decree must be reversed. Since no attack is made on any other portion of the decree, it is affirmed in all respects other than that of the salary.

Affirmed in part and reversed in part, and remanded for the exclusion of the salary feature (item 4) of the decree.

Affirmed in part; reversed in part; and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.